GEORGE T. BROKAW, Appellant, *v.* FREDERICO LAGE and JOHN F. TROW, Defendants, Impleaded with JOHN S. HAMMOND, Respondent.

First Department, November 3, 1922.

Conversion — action maintainable against alleged members of partnership though bankruptcy pending against other members of same partnership — respondent cannot claim benefit of Federal injunction without admitting partnership liability — causes of action not improperly joined — Civil Practice Act, § 212, applied — cause of action stated as conversion took place during membership of respondent.

In an action for conversion of the proceeds of certain securities delivered by the plaintiff to a firm of which the defendants were partners it appeared that receivers were appointed in a bankruptcy proceeding against certain other

persons as partners in the same firm and the usual injunction was issued; plaintiff moved in that proceeding to pursue the individual assets of the present defendants and after the motion was denied brought this action alleging the present defendants were also members of the copartnership. It appeared also that the membership of the copartnership differed at various times but that the respondent herein was a member at the time of the alleged conversion.

*Held,* that the action was not premature in that it was brought before the receivership had terminated, for the plaintiff could pursue any rights which he had against any person unless a superior right to do so was claimed by the receiver.

The plaintiff is not precluded by his motion in the bankruptcy proceeding, for that proceeding is against other individuals, and if the respondent wishes to take advantage of the injunction he must admit his partnership liability.

Under section 212 of the Civil Practice Act it was not improper to join in one action causes against different persons who were members of the firm at different times, for the common interest existing among the defendants affords the plaintiff his *prima facie* remedy and casts the burden upon the defendants of showing undue prejudice through the joinder.

If the respondent was a member of the firm at the time of the alleged conversion it was not necessary to allege that he actually participated therein in order to state a good cause of action.

APPEAL by the plaintiff, George T. Brokaw, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of April, 1922, dismissing the complaint as to the defendant John S. Hammond.

*Barber & Gibboney* [*Joseph Diehl Fackenthal* of counsel; *Albert A. Springs* with him on the brief], for the appellant.

*Rabenold & Scribner* [*Mark Hyman* of counsel], for the respondent.

FINCH, J.:

The action is for a conversion of the proceeds of securities delivered by the plaintiff to a firm of which the defendants were partners.

It appears from the complaint, among other things, that receivers were appointed by the United States court in a proceeding in bankruptcy against certain persons as partners in Imbrie & Co., other than the three defendants in this action, and the usual injunction was issued therein against the prosecution of other actions. Plaintiff made a motion in that proceeding to pursue the individual assets of those named as defendants, which motion was denied. Plaintiff then brought this action alleging that these defendants were also members of the copartnership. It further appears that the persons comprising the copartnership of Imbrie & Co. differed at various times. Originally the firm included defendants Lage and Trow, with certain others. Secondly, it comprised the same defendants, except that Lage retired and the defendant Hammond came in, and this partnership was called in the complaint the first successor

partnership. Thirdly, the second successor partnership comprised the same persons, except that Trow retired.

The court below dismissed the complaint on the ground that this was an attempt on the part of the plaintiff to obtain a preference over other creditors of Imbrie & Co., and that the action was premature until the receivership had terminated. In so doing the learned court was in error for the reason that the plaintiff could pursue any rights which he had against any person unless a superior right to do so was claimed by the receiver. If this were not so, the right might be lost entirely to the plaintiff, since the receiver might conclude never to pursue the same.

The defendant likewise urges that the plaintiff is precluded by his action in the United States court, but, as noted, this action is against other individuals, and if this defendant wishes to take advantage of the injunction there issued in behalf of the partners, he must admit his partnership liability. He cannot in one and the same breath deny his partnership liability and at the same time claim the protection afforded to the members of the partnership in the bankruptcy proceeding.

Respondent also raises the contention that, because of the difference in the membership of the firm, different causes of action are improperly united. (See Civ. Prac. Act, § 278.) The provisions of the Civil Practice Act (§§ 211, 212) now permit such a joinder to be made. These sections are new and were respectively adopted from the provisions of the English Rules of the Supreme Court, 1883 (Order 16, rules 4, 5), which were based on the English Supreme Court of Judicature Act, 1875 (38 & 39 Vict. chap. 77, First Schedule, order 16, rules 3, 4). Under the English Rules of the Supreme Court, 1883 (Order 16, rule 4) such a joinder may be had, subject to the power of the court under rule 5 of said order 16 to make an order to prevent embarrassment (*Oesterreichische Export, etc.,* v. *British Indemnity Ins. Co., Ltd.,* L. R. [1914] 2 K. B. 747), and it would seem clear upon principle that section 212 of the Civil Practice Act above noted, safeguarding as it does the rights of defendants, was adopted for the very purpose of covering such a situation. In other words, the common interest existing among the defendants affords the plaintiff his *prima facie* remedy and casts the burden on the defendants of showing undue prejudice through the joinder. Respondent also contends that no cause of action has been stated against this defendant because it is not shown that Hammond actively participated in the conversion, but the complaint charges a conversion during the time defendant Hammond was a member of the partnership, and if such is the fact, he is liable for conversion, whether he knew of it or not. (*Matter of Peck,* 206 N. Y. 55.)

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., SMITH, MERRELL and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.