First Construction Company of Brooklyn, Respondent, *v.* Rapid Transit Subway Construction Company and Another, Appellants.

First Department, November 28, 1924.

Pleadings — action for injury to property in construction of subway in New York city — demurrers were interposed in July, 1920, on ground that causes of action were improperly united — argument on demurrers was not brought on until November, 1923 — actions improperly united under Code of Civil Procedure but properly united under Civil Practice Act — complaint must be judged, under Civil Practice Act, § 1569, by law existing at time of argument — orders overruling demurrers affirmed.

Orders overruling demurrers interposed to a complaint in an action to recover damages for injury to property resulting from the construction of a subway in New York city should be affirmed, where it appears that the demurrers were interposed in July, 1920, on the ground that causes of action were improperly united, but that the argument on the demurrers was not brought on until November, 1923, since though the actions set out in the complaint were improperly joined under the Code of Civil Procedure they were properly joined under the Civil Practice Act. The complaint must be judged by the law existing at the time of argument in view of section 1569 of the Civil Practice Act which provides that any remedial provision of the act not inconsistent with the proceedings already had or taken in an action shall be applied.

Appeal by the defendants, Rapid Transit Subway Construction Company and another, from two orders of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of December, 1923, overruling separate demurrers interposed by each of the defendants to the complaint in this case. The demurrers were substantially identical, and were served in July, 1920, but argument on the issues of law so raised was not brought on until November, 1923. (See 122 Misc. 145.)

First Construction Co. *v.* Rapid Transit S. Constr. Co. **185**

App. Div. 184]        First Department, November, 1924.

*James L. Quackenbush* [*Joseph P. Brennan* of counsel; *Henry J. Smith* with him on the brief], for the appellant Rapid Transit Subway Construction Company.

*Alex S. Lyman* [*Jacob Aronson* of counsel], for the appellant The New York Central Railroad Company.

*Charles C. Clark* [*Alvin C. Cass* of counsel; *Walter J. Ryan* with him on the brief], for the respondent.

Martin, J.:

The plaintiff, the owner of a long term lease of premises on the easterly side of Lexington avenue, extending from Forty-second to Forty-third streets, asserts that its property was damaged by reason of the negligence of defendants. The complaint alleges that the city of New York on July 16, 1914, entered into an agreement with the defendant Rapid Transit Subway Construction Company, and on January 25, 1915, entered into another agreement with the New York Central Railroad Company, the other defendant, for the construction of portions of a subway route. By the terms of the agreement between the city of New York and the Subway Company, it was provided that the Subway Company admitted that if the work were done without fault or negligence on its part, it would not involve danger to abutting or adjacent structures, and the Subway Company at its own expense agreed to make good any damage to such structures; that such liability on its part was to be absolute and not dependent upon the question of negligence; that it was the intention of the parties to the agreement that in addition to indemnification to the city the Subway Company would be liable to abutting owners and tenants for the damage occasioned by the construction work. In the agreement with the New York Central Company it was provided that the latter would indemnify and save harmless the city of New York for damages to which it might be subjected by reason of injury to person or property resulting from negligence in the performance of the work. It is alleged that the said provisions were made for the benefit, among other purposes, of the plaintiff; that pursuant to the respective agreements the Subway Company and the New York Central Railroad Company entered upon the performance of the work; that at various times between July, 1914, and June, 1918, the Subway Company and the New York Central Company were engaged in the construction work; that in the course thereof the foundation and other parts of the building occupied by the plaintiff were damaged by the blasting and other processes of construction; that the defendants entered upon the premises of plaintiff and destroyed and weakened the walls and

foundations and interfered with free access to the premises; that by reason of the negligent manner in which the operations were carried on by the defendants, parts of the plaintiff's premises were damaged, and that the plaintiff has suffered substantial damages as the result thereof.

Each of the defendants demurred to the complaint on the ground that causes of action were improperly united therein. The demurrer of the New York Central Railroad Company specifies as the causes of action improperly united in the complaint the cause of action on contract against the Subway Company, the cause of action against the Subway Company for negligence, the cause of action against the Subway Company for trespass, the cause of action against the New York Central Company for negligence, and the cause of action for trespass.

The demurrers were interposed on the ground of misjoinder of causes of action. They were served prior to the enactment of the Civil Practice Act, and the motions to overrule the demurrers were made thereafter.

The question involved is whether the plaintiff may now avail itself of the remedial provisions of the Civil Practice Act. The defendants contend that the demurrers served prior to the passage of that act must be judged by the law then existing.

Although the relief sought to be obtained by the plaintiff by a decision subsequent to the passage of the Civil Practice Act is purely remedial, nevertheless the defendants contend that such decision should not render ineffectual the demurrers good at the time they were served. We think it is quite clear that in this particular case the complaint must be judged by the law as it existed at the time the matter was brought on for consideration, and that the defendants have lost the benefit of their demurrers for misjoinder of parties by not proceeding with the argument thereof and obtaining decision before the Civil Practice Act went into effect.

Respondent contends that these defendants obtained no property rights by the service of the demurrer that might not be defeated by the legislative grant of new remedies. If appellants' contention were adopted, the demurrers would be sustained under the provisions of the Code of Civil Procedure. (See §§ 484, 488.) The service of an amended complaint would then be permitted resulting in the service of the same identical complaint, which would be immune from attack for such misjoinder.

The Civil Practice Act is a remedial statute, intended to improve conditions in court practice.

Section 1569 of the Civil Practice Act reads: "* * * and subsequent proceedings in such action or special proceeding must

be conducted in accordance with the laws in force on the day before this act takes effect, except as otherwise provided in this article, and except that the Court or Judge may apply thereto, *in the interest of Justice, any remedial provision of this Act not inconsistent* with the proceedings theretofore had or taken in such action or special proceeding.   *   *   *"

Mr. Justice HUBBS in the Appellate Division, Fourth Department, said in *MacDonald* v. *Wills & Co., Ltd.* (199 App. Div. 203): " I think that the words ' any remedial provision of this Act ' include any provision contained in the act which was enacted for the purpose of simplifying the procedure to be followed in enforcing rights or redressing wrongs and which is intended to overcome defects in the procedure as it existed under the Code of Civil Procedure."

Mr. Justice HINMAN, in *Columbus Trust Co.* v. *Upper Hudson Electric & R. R. Co.* (190 N. Y. Supp. 737), said: " It is my belief that the Legislature had in mind the distinction between statutory provisions which create rights and those which afford remedies when it used the term ' remedial provisions ' in section 1569 of the Civil Practice Act.  This is confirmed by the further language of the provision of section 1569 which requires that the court may apply it ' in the interest of justice,' and where such remedial provision is ' not inconsistent with the proceedings theretofore had or taken in such action or special proceeding.'   *   *   * It is my conclusion that a ' remedial provision ' as used in section 1569 of the Civil Practice Act is one which supplies a new remedy, or corrects defects, or abridges superfluities in existing remedies, as an aid to the enforcement of rights or the redress of wrongs, and is to be construed liberally and beneficially in the interest of the public good."

Although both of those decisions related to the practice in examinations before trial, what was there said is applicable to the case now before the court.

In *Feizi* v. *Second Russian Ins. Co.* (199 App. Div. 775, 777) Mr. Justice PAGE said: " The object of the Civil Practice Act and the Rules of Civil Practice was to simplify the practice, do away with many technical requirements, and avoid unnecessary and vexatious delays.  The defendant could have made the motion within twenty days after the service of the complaint (Rule 106, Rules of Civil Practice) when it would have had twenty days after the service of the amended complaint in which to answer, and until the case was reached in its order upon the calendar in which to prepare for trial.  It waited, however, until the case was actually reached, and then made the motion, and cannot complain that the

time that it might have secured by prompt action is lost through dilatory tactics. It does not appear that the time allowed by the court was not ample to enable the defendant to prepare to meet the issues tendered by the amendment to the complaint. We see no reason to interfere with the exercise of the discretion of the trial justice."

In *Ellicott* v. *McNeil & Sons Co.* (206 App. Div. 441) plaintiff sued two corporations because of doubt as to which one was liable. Mr. Justice SMITH, writing the opinion, stated that both corporations were properly joined as defendants. In *Sherlock* v. *Manwaren* (208 App. Div. 538) the plaintiff sued several physicians for negligence in setting a shoulder that had been dislocated. It was there held they might all be joined in the same action, that at the trial their respective responsibility for the plaintiff's condition could be determined.

When it is alleged that two or more persons are responsible for certain acts, where the circumstances permit or warrant it, they may all be joined, leaving the determination of liability to the trial. To avoid conditions arising from separate trials which have sometimes been followed by unjust results in the past, these remedial provisions have been enacted. (See Civ. Prac. Act, §§ 211–213.)

The defendant New York Central Railroad Company contends that it can be liable only by reason of having indemnified the city of New York against liability to a property owner. But that overlooks the fact that this complaint alleges the negligence of both defendants. While there are many other allegations set forth they might all be eliminated and still a good cause of action in negligence affecting both defendants would be alleged.

In *Jamison* v. *Lamborn* (207 App. Div. 375, 377) this court said: " Thus, in the case under consideration, the complaint sets forth all the essential facts entitling plaintiff to damages to be recovered from one of the defendants. If Lamborn & Company had authority to represent the Flickinger Company, the recovery will be against the latter; if it had no such authority, the recovery will be against the former. This is what the section in question contemplated. So that a complaint setting forth facts under which either one of two defendants must be held liable is immune to motion in the nature of demurrer by either. It is enough if facts are pleaded, under which two alternatives exist, the proof of either of which will result in holding one of the defendants liable. It is not necessary that both should be liable, otherwise there would be no necessity for the change in the rule of pleading."

In *Sackheim* v. *Pigueron* (215 N. Y. 62) a question arose with reference to the change in the law casting the burden of proof of

contributory negligence in a death case upon the defendant. It was argued that, in a case which arose prior to the enactment of section 841-b of the Code of Civil Procedure (as added by Laws of 1913, chap. 228; now Civ. Prac. Act, § 265; Decedent Estate Law, § 131, as added by Laws of 1920, chap. 919), such a require- ment was unconstitutional because it interfered with vested rights. The court held that the question of proof of contributory negli- gence was a question of evidence only, that the Legislature could establish a rule of evidence or fix the order of proof, and that such rules were subject to modification and control by legislation from time to time.

There being merely questions of practice and pleading involved, we believe the test should be such as the Civil Practice Act indi- cates; and that the orders should be affirmed, with ten dollars costs and disbursements, with leave to the defendants to answer upon payment of said costs.

CLARKE, P. J., SMITH, MERRELL and FINCH, JJ., concur.

On each appeal: Order affirmed, with ten dollars costs and dis- bursements, with leave to defendant to answer within twenty days from service of order upon payment of said costs.