THERMOID RUBBER COMPANY, Plaintiff, *v.* BAIRD RUBBER AND TRADING COMPANY, and in the Alternative PENNSYLVANIA RAILROAD COMPANY, and in the Alternative EDWARD I. SMOLENS and Another, Defendants.

Supreme Court, New York County, March 30, 1925.

**Parties — defendants — action against consignor of merchandise in which plaintiff's truckmen and carrier were joined as defendants in alternative under Civil Practice Act, § 213 — jury returned verdict against carrier after action against consignor had been dismissed — plaintiff, under Civil Practice Act, § 213, only required to prove state of facts indicating liability of one or other of defendants — carrier not entitled to dismissal of complaint at close of plaintiff's case.**

Section 213 of the Civil Practice Act, which provides that where the plaintiff is in doubt as to the person from whom he is entitled to recover, he may join two or more defendants to determine which, if any, of the defendants is liable, and to what extent, only requires the plaintiff to prove a state of facts which indicates liability on one or the other of the parties defendant.

Accordingly, defendant carrier's motion to set aside a verdict against it, in an action by plaintiff, a consignee of merchandise, against its consignor, in which the plaintiff's truckmen and defendant carrier were joined as defendants in the alternative, under section 213 of the Civil Practice Act, should be denied, where it appears that the jury returned a verdict against the carrier after the action against the consignor had been dismissed, and that, when the plaintiff rested, it had proved a *prima facie* case against one of the two remaining defendants — the truckmen, if the delivery of the merchandise had not been made to the defendant carrier, and otherwise, against the carrier. Moreover, any defect in the proof at the close of the plaintiff's case was cured by the proof in the defendants' case.

MOTION to set aside verdict in action by consignee against consignor in which plaintiff's truckmen and the carrier are joined as defendants in the alternative under section 213 of the Civil Practice Act.

*Albert R. Jube*, for the plaintiff.

*Dunnington, Walker & Gregg*, for the defendant Pennsylvania Railroad Company.

PROSKAUER, J.:

Plaintiff failed to receive a consignment of rubber bought from defendant Baird Rubber Company and claimed by it to have been delivered to plaintiff's truckmen, defendants Smolens and Simpson, and by them in turn claimed to have been delivered to the Pennsylvania Railroad Company.

The complaint sets forth the claims of the respective defendants and the failure of plaintiff to receive its rubber and seeks redress under section 213 of the Civil Practice Act, which provides that where the plaintiff is in doubt as to the person from whom he is entitled to redress, he may join two or more defendants, to the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined as between the parties.

Plaintiff gave evidence of the purchase of the rubber and of its delivery to the truckmen and its failure to receive it. As the truckmen were conceded by plaintiff to be plaintiff's agents, this necessitated a dismissal as against the Baird Rubber Company.

The remaining defendants then offered proof and on the whole case the jury has found that the rubber was delivered to the Pennsylvania Railroad Company. That defendant moved to set aside the verdict on the ground that the complaint should have been dismissed at the close of the plaintiff's case as no *prima facie* case had then been shown against the railroad company.

The disposition of this motion turns partly on the construction of section 213, which is substantially identical with rule 7 of order 16 of the English Supreme Court Rules. The Appellate Division has definitely adopted the principle that we may follow the interpretation of corresponding English rules for the purpose of effectuating the intent of the Civil Practice Act to liberalize and simplify the conduct of litigation. (*Bossak* v. *National Surety Co.*, 205 App. Div. 707; *Schechtman* v. *Salaway*, 204 id. 549.) This section and section 211, regarding joinder of parties, with its corresponding English rule 4 of order 16, have been liberally construed both by our courts and by the English courts. (*Payne* v. *British Time Recorder Co.*, L. R. [1921] 2 K. B. 1; *Compania Sansinena De Carnes Congeladas* v. *Houlder Bros.*, L. R. [1910] 2 K. B. 354; *Brokaw* v. *Lage*, 203 App. Div. 155; *Schechtman* v. *Salaway*, 204 id. 549; *Bossak* v. *National Surety Co.*, 205 id. 707.)

To sustain the railroad company's contention that it was entitled

to a dismissal merely because the plaintiff failed to prove a definite liability against it in its *prima facie* case would defeat the very purpose of section 213. As was said by Bray, J., in *Hummerstone* v. *Leary* (L. R. [1921] 2 K. B. 664, 667), referring to order 3 of rule 5 of the English County Court rules which corresponds with rule 7 of order 16 of the English Supreme Court Rules and with our section 213 of the Civil Practice Act: " The language of that rule contemplates that the case shall·be tried out between all the parties, and, apart from the special language of the rule, it is in our opinion clear that when the difficulty of procedure is got over and a plaintiff can present his case against two defendants in the alternative he is just as much entitled to have the case tried out where he has made a *prima facie* case in support of his cause of action as a plaintiff is who proceeds against one defendant alone."

The railroad company relies on a further statement in that case, but I think misinterprets it. Judge Bray continues: " It must not be supposed from our judgment that if a plaintiff fails to make a *prima facie* case at all he is entitled to call on two defendants under such circumstances as these to give evidence and ask for judgment if no such evidence is given. He must of course prove facts from which in the absence of an explanation liability could properly be inferred."

The railroad company claims that this means that the liability must be definitely fastened at the end of plaintiff's case on one defendant. The rule clearly contemplates, however, that the plaintiff must be required to prove a state of facts which throws liability on one or the other of the defendants. Here plaintiff proved that it did not receive its rubber; that the rubber had come into the hands of the truckmen for delivery to the Pennsylvania Railroad Company and consequently that it had a clear right to recover against one of these parties — the truckmen if the delivery had not been made to the railroad company, and otherwise against the railroad company. Indeed, when plaintiff rested it had proved a *prima facie* case against the truckmen to the extent of requiring from them explanation of their failure to account for goods delivered to them for shipment by railroad.

The authorities interpreting these rules abound in statements that a sound discretion must be used in each separate case to work out the ends of justice. Clearly in a case like this a just result could be obtained only by submitting the whole case to the jury without over-refinement as to the technical proof of liability at the moment when the plaintiff rested.

Moreover, any defect in proof at the end of plaintiff's case, was cured by the proof in defendants' case. (*Schenectady & Sara-*

*toga Plank Road Co.* v. *Thatcher,* 11 N. Y. 102, 112; 2 N. Y. Law Rev. 350, 351.) Motions to set aside verdict and to dismiss denied, with exceptions to Pennsylvania Railroad Company. Thirty days' stay.