METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff, *v.* UNION TRUST COMPANY OF ROCHESTER and ABSTRACT TITLE & MORTGAGE CORPORATION, Defendants.

Supreme Court, Monroe County, April 4, 1938.

*John Van Voorhis Sons* [*Eugene Van Voorhis* of counsel], for the plaintiff.

*Harris, Beach, Folger Bacon & Keating* [*Kenneth B. Keating, Howard M. Woods, Keith D. Poland* of counsel], for defendant Abstract Title & Mortgage Corporation.

*Sutherland & Sutherland* [*Kenneth B. Keating* of counsel], for defendant Union Trust Company of Rochester.

LAPHAM, J. The complaint in this action contains 292 separate causes of action which have been arranged to follow each other in pairs. The subject-matter of each pair is a certain parcel of land and a mortgage which was once a lien against it. The odd-numbered causes of action in the complaint are directed primarily against the defendant Union Trust Company of Rochester, and

the even-numbered causes of action are directed primarily against the defendant Abstract Title & Mortgage Corporation. There are minor variations in detail between the various causes of action but the similarity between each is so close that a description of the first and second causes of action will describe the remaining ones.

The first cause of action alleges that the defendant Union Trust Company of Rochester was the correspondent of the plaintiff for the purpose of submitting loans secured by mortgages for sale to the plaintiff; that this company agreed to furnish title policies of insurance on the mortgaged property to the plaintiff; that it sold to the plaintiff a certain bond and mortgage and, to induce the purchase of the same by the plaintiff, falsely and fraudulently represented that the mortgaged premises were improved by the construction of sewers and pavements which had been fully paid for and that the mortgage constituted a first lien on the premises; that the defendant Union Trust Company of Rochester fraudulently concealed from the plaintiff the fact that assessments would be made against the premises to pay the cost of such improvements, and that the plaintiff, forced to foreclose the mortgage on the premises, has, as a result of these representations, been damaged in the amount of the assessment levied against the property.

The second cause of action alleges that the defendant Union Trust Company of Rochester in accordance with its agreement obtained and delivered to the plaintiff a policy of insurance on the title of the real estate which was the subject-matter of the first cause of action, duly executed by the defendant Abstract Title & Mortgage Coporation, and that by the terms of this policy the defendant Abstract Title & Mortgage Corporation agreed to pay to the plaintiff all damages that the plaintiff might sustain by reason of any defect in, or incumbrance upon, the title of the mortgagors or grantors of the said premises and guaranteed that there were no incumbrances upon the title.

Each of the odd-numbered causes of action, after the first, repeats by reference the first cause of action, and each of the even-numbered causes of action, after the second, repeats by reference " the allegations hereinbefore contained to the same effect as though they were specifically repeated."

Motions addressed to the complaint are made by each of the defendants.

The defendant Abstract Title & Mortgage Corporation asks for an order directing the severance of the action as to it and a dismissal of the first and subsequent odd-numbered causes of action in the complaint on the ground that each of these causes fails to state facts sufficient to constitute a cause of action against it, or,

as an alternative to a dismissal of these causes of action, for an order striking out these causes of action on the ground that they are irrelevant and redundant and may embarrass a fair trial of the action, or, in the event of failure to dismiss or to eliminate the first and the odd-numbered causes of action, for an order requiring the complaint to be made more definite and certain. The defendant Abstract Title & Mortgage Corporation moves also for an extension of time to answer or move in respect to the complaint and for such other or different relief as to the court may seem just.

The motion of the defendant Union Trust Company of Rochester requests the same relief except that it seeks a dismissal of the second and the subsequent even-numbered causes of action and does not ask for a severance of the action as to it.

Under the circumstances, the motions of the defendants for a dismissal of the various causes of action in the complaint are in effect motions for a dismissal of the complaint on account of the improper joinder of causes of action and the misjoinder of parties defendant. No attack is made by either defendant on the sufficiency of the causes of action intended to be alleged against it, except in so far as these causes repeat by reference the allegations of other causes of action in the complaint. (Cf. *Best Foods, Inc.*, v. *Mitsubishi Shoji Kaisha, Ltd.*, 224 App. Div. 24, 26.) The spearhead of the attack by each defendant is directed not against the intrinsic legal sufficiency of the causes of action alleged against it, but against the existence of causes of action in the complaint with which it has no concern.

The complaint in this action is beyond the reach of successful challenge either on the ground of joinder of causes of action or on the ground of misjoinder of parties defendant. The restrictions on uniting two or more causes of action in a complaint which were formerly embodied in section 258 of the Civil Practice Act have been swept away by the amendment of 1935 to that section (Laws of 1935, chap. 339), subject to the limitation that the court may direct a severance of the action or separate trials in the interest of justice. Section 278 of the Civil Practice Act, which enumerates the objections to the complaint that are waived unless raised by motion, has likewise been amended (Laws of 1936, chap. 324) to remove the objection that causes of action have been improperly united. At the same time section 279 of the Civil Practice Act specifying the objections that are not waived was not altered. Rule 102 of the Rules of Civil Practice likewise was amended to remove the improper joinder of causes of action as a ground for a motion to correct the pleading. The making of these changes in conjunction with the failure to change section 279 of the Civil

Practice Act is eloquent of the conclusion that a misjoinder of causes of action is not now such a defect in a pleading as will make it vulnerable to attack. (*New Amsterdam Casualty Co., v. Mobinco B. Co., Inc.*, 219 App. Div. 486; 3 Wait's New York Practice [4th ed.], pp. 63, 64.)

The complaint on the other hand cannot be successfully assailed on the ground of misjoinder of parties defendant. Sections 211, 212 and 213 of the Civil Practice Act, sanctioning the joinder of parties defendant, are derived from the English Rules of the Supreme Court and decisions of the English courts construing and applying these rules, and decisions of our own courts interpreting these derivative sections of the Civil Practice Act have accorded to them a liberal and flexible construction. (*137 East 66th Street, Inc., v. Lawrence,* 118 Misc. 486; *Payne* v. *British Time Recorder Co.,* L. R. [1921] 2 K. B. 1; *Bossak* v. *National Surety Co.,* 205 App. Div. 707; *Broderick* v. *Marcus,* 146 Misc. 240; affd., 239 App. Div. 816; *Thermoid Rubber Co.* v. *Baird Rubber & Trading Co.,* 124 Misc. 774, 776.) That both of these defendants are not interested in all the relief prayed for or are not affected by both of the causes of action stated in the complaint is no bar to joining them in one action. (Civ. Prac. Act, § 212; *Sherlock* v. *Manwaren,* 208 App. Div. 538; *Ellicott* v. *McNeil & Sons Co., Inc.,* 206 id. 441; *First Construction Co.* v. *Rapid Transit Subway Const. Co.,* 122 Misc. 145; affd., 211 App. Div. 184.)

The remedy of a party who feels aggrieved by an improper joinder of causes of action and parties defendant is an appeal to the discretion of the court to direct a severance of the action or to order separate trials. This power is conferred upon the court by the same sections of the Civil Practice Act that are decisive of the propriety of the joinder of this case (§§ 212, 258). These sections are not isolated in authorizing this permissive mandate but they are linked with allied sections of the Civil Practice Act which emphasize and confirm the broad reach of discretion intrusted to the court in determining whether separate trials should be granted and in determining the method of trial of litigated issues. (Civ. Prac. Act, §§ 96, 96-a, 97, 192, 193, 209, 212.)

That appeal to the discretion of the court has been made here and should not fail. What each defendant desires is a clear formulation and trial of the issues raised against it, unincumbered by any causes of action in which it is not concerned or involved. This need is especially imperative here in the light of the magnitude of the present case and its importance to all parties.

In the interests of justice separate trials should be accorded to each defendant. The complaint contains on the plaintiff's own

concession a representative first cause of action against the defendant Union Trust Company of Rochester and with this the defendant Abstract Title & Mortgage Corporation has no concern; and it contains a representative second cause of action against the defendant Abstract Title & Mortgage Corporation and with this the defendant Union Trust Company of Rochester has no concern. A cause of action for fraudulent misrepresentation is alleged against the defendant Union Trust Company of Rochester and a cause of action on contract is alleged against the defendant Abstract Title & Mortgage Corporation. To require each defendant to attend the trial of the multitudinous causes of action in which it is not interested would not only impose upon that defendant an unnecessary hardship and expense but would, on account of the divergence in character between the representative causes of action, be likely to result in a prejudice to the defendant Abstract Title & Mortgage Corporation to which it should not be subjected.

The power of the court to order separate trials cannot be limited in its exercise to an application made after an answer has been interposed. The Civil Practice Act and the Rules of Civil Practice do not forbid the granting of this relief upon this motion and the inclusion of the grant of power to sever the action or to decree separate trials or to make any other order required in the interests of justice in the same sections that authorize the joinder of causes of action and the joinder of parties defendant (Civ. Prac. Act, §§ 258, 211, 212) is decisive of the conclusion that this power can be exercised at this time. (See *137 East 66th Street, Inc.*, v. *Lawrence*, 118 Misc. 486, 494; 2 Carmody's New York Practice, p. 858, § 527.) Section 443 of the Civil Practice Act reinforces this conclusion by contrast, for that section relates to the separate trial of issues and not with the incidental hardships of a joinder of causes of action or parties defendant which this power to grant separate trials was intended to relieve. The only reason for deferring the exercise of this power until an answer has been interposed is to have the issues clearly drawn and presented for trial. In the present case the divergence between the nature of the causes of action is already marked and the issues are foreshadowed clearly enough to permit the intelligent exercise of this power on this motion.

Each defendant has moved in the alternative to eliminate certain causes of action as irrelevant and redundant under rule 103 of the Rules of Civil Practice. The motion of neither defendant is directed in terms, it is true, to the irrelevancy or redundancy of a part of a cause of action, or to a particular allegation, but the evil which each motion seeks to eradicate is the incorporation by reference of the first cause of action in each of the other odd-numbered

causes of action, and the incorporation by reference of all the preceding allegations in each of the even-numbered causes of action after the second. It is within the spirit if not within the letter of these motions, and it is certainly within the discretion of the court to grant some relief to the applicants on this point. Clarity, justice, the importance and gravity of this case and good pleading alike require a reshaping of the complaint to permit the defendants to answer with precision and with directness.

Each of the odd-numbered causes of action after the first realleges the first cause and incorporates it by reference. The only part of the first cause that is relevant and not redundant in the odd-numbered causes of action is the general allegations contained in the first four paragraphs of the first cause of action. In so far as the allegations of the first cause are incorporated by reference in the subsequent odd-numbered causes of action, they are, with the exception of the general allegations of the first four paragraphs, redundant and repetitious and should be eliminated.

In so far as the first cause of action is realleged and incorporated by reference in the second and the subsequent even-numbered causes of action, the first cause is irrelevant and redundant and, with the exception of the general allegations contained in the first four paragraphs of the first cause, should be stricken from the second and subsequent even-numbered causes of action. In so far as the odd-numbered causes of action after the first and the even-numbered causes of action after the second are realleged in the even-numbered causes of action after the second, they are redundant and repetitious and should be eliminated from the even-numbered causes of action.

The alternative relief requested by each defendant that the complaint be made more definite and certain is not justified in the light of the relief already granted and the nature of the pleading. The motion of each defendant to strike out certain designated causes of action has been granted to a limited extent and counsel for the plaintiff has conceded that the first cause and the odd-numbered causes of action are addressed solely to the defendant Union Trust Company of Rochester, and that the second cause of action and the even-numbered causes are addressed solely to the defendant Abstract Title & Mortgage Corporation. The allegations of the first and second causes of action set out with sufficient clarity causes of action for fraudulent misrepresentation and on contract against the defendant Union Trust Company of Rochester and the defendant Abstract Title & Mortgage Corporation respectively.

Separate trials of the action as to each defendant are hereby granted. The motion of the defendant Abstract Title & Mortgage Corporation for a severance of the action is denied.

The motion of the defendant Union Trust Company of Rochester to dismiss the second and subsequent even-numbered causes of action and the motion of the defendant Abstract Title & Mortgage Corporation to dismiss the first and subsequent odd-numbered causes of action in the complaint are denied. The motion of each defendant to eliminate certain designated causes of action as irrelevant and redundant is granted to the extent indicated in this decision with leave to the plaintiff to serve an amended complaint in conformity with the directions herein contained within twenty days after the service of a copy of an order embodying this decision. No motion costs shall be awarded to any party as against another.

An order may be submitted in accordance with this decision.