(112 App. Div. 760)

## YOUNG v. HYDE et al.

(Supreme Court, Appellate Division, Third Department.  May 2, 1906.)

**1. INSURANCE—DIRECTORS—MISMANAGEMENT—ACTION BY STOCKHOLDER AND POLICY HOLDER.**

In an action against a corporate insurance society by a stockholder and policy holder for the benefit of the corporation against directors for mismanagement and loss of the society's funds, it was no objection that she sued both in her capacity as a stockholder and policy holder.

**2. SAME—STATUTES—ACCOUNTING.**

An action by a stockholder and policy holder of a corporate insurance society against directors for loss of the society's funds through mismanagement, brought for the benefit of the society, was not within Insurance Law, Laws 1892, p. 1958, c. 690, § 56, providing that no judgment for an accounting or restraining or interfering with the prosecution of the business of such an insurance company, or appointing a temporary receiver, should be made otherwise than on the application of the Attorney General.

**3. SAME—DEMAND ON THE SOCIETY TO SUE.**

Where, in an action by a stockholder and policy holder of an insurance society for its benefit to recover for losses against directors for alleged mismanagement, it appeared that the very men to be sued constituted all the directors of the society, and that it would be useless or dangerous to ask them to sue themselves, plaintiff was not required to make a demand on the society to bring the action as a condition precedent to her right to do so.

**4. SAME—COMPLAINT—CAUSE OF ACTION—JOINDER.**

Where an action was brought against all the defendants as directors of a corporate insurance society for their alleged wrongful neglect and waste of the society's funds, and the complaint showed that each defendant who took money wrongfully from the society, not only was liable for the money taken by him, but was also liable for that which he permitted others to take, the fact that the complaint alleged nine instances in which individual directors took the funds of the society or took advantage of the society for their personal benefit did not render the complaint objectionable as improperly uniting several causes of action against different defendants.

Appeal from Special Term.

Action by Mary S. Young, a stockholder and policy holder of the Equitable Life Assurance Society, against James H. Hyde and others. From an interlocutory judgment overruling the demurrer of defendant Hyde to the complaint, defendants appeal.  Affirmed.

The plaintiff, a stockholder and policy holder of the Equitable Life Assurance Society of the United States, brings this action against the directors of said society, all of whom have been serving during the last three years, and against said society, seeking to recover from the directors and for the society various sums of money which it is claimed have been lost to the society during that time by reason of the negligent manner in which said directors have performed their duties.  The grounds of the demurrer will appear so far as necessary in the opinion.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Guggenheimer, Untermyer & Marshall (Louis Marshall, of counsel), for appellants.

Edgar T. Brackett, for respondent.

JOHN M. KELLOGG, J. The point raised by the demurrer that the plaintiff is asserting one cause of action as a stockholder and another as a policy holder is not well taken. The cause of action belongs to the society, and not to her, but because the society cannot or will not assert its rights, she as an interested party appeals to the court in its behalf. In order to maintain the action, she is required to show an interest which is suffering or is imperiled by the wasteful acts of the defendant directors, and she may show all her interest and is not required to divide it and assert but one-half of it. Her actual interest is that of a stockholder and policy holder, and the rights of both define the quality of her interest, and show that she is entitled to be a plaintiff here. The fact that her interest is combined from two other interests does not make two causes of action upon the facts alleged. It is immaterial what are the relative interests or rights of a stockholder and a policy holder in this society, for the plaintiff's interest represents both, and it is immaterial from which source she derives the greater interest.

It is further contended by the demurrer that the plaintiff, as a private suitor, has not the capacity to sue, and her complaint does not, therefore, state facts sufficient to constitute a cause of action under section 56 of the insurance law (chapter 690, p. 1958, Laws 1892), which provides that no judgment providing for an accounting or restraining or interfering with the prosecution of the business of such an insurance company, or appointing a temporary receiver, shall be made otherwise than upon the application of the Attorney General. The cause of action here is one belonging to the society, and the action is brought for its benefit, and judgment is asked in its favor against the unfaithful directors that they be required to account and pay to the society the moneys it has lost through their unfaithfulness. The society is joined as a defendant, because the unfaithful directors will not make it a plaintiff against themselves, but it is here only to receive such benefits as the judgment of the court gives it. No action upon its part is required or expected. The plaintiff in its place has assumed the burden of the prosecution. No accounting or other act by the society is required or would be proper in this action. The sole question is, did the defendant directors mismanage the affairs of the society in the respects alleged, and, if so, how much has it lost by reason of such mismanagement. It is clear that if the society were named as plaintiff against these same defendants upon this complaint asking the same relief, it would not be thought for a moment that the unfaithful directors could hide behind section 56, which was intended for the protection of the society, and not as a shield for its unfaithful officers against whom it has just claims. It plainly appears from the complaint that this action is not brought for any of the purposes mentioned in said section 56, and the demurrer in that respect is not well taken.

The demurrer, so far as it raises the question that no demand has been made upon the society to bring this action, is not well taken. The absence of such demand is excused, as it appears that the very men to be sued constitute all of the directors of the society, and that it would be useless or dangerous to ask them to sue themselves. "If

the complaint alleged that the directors of the corporation at the time of the commencement of the suit were the same as those who had committed the wrongs for which the suit is brought, it would relieve the plaintiff from making any demand on the corporation, for it may be assumed that such directors would not prosecute, or at least not prosecute in good faith, an action based upon their own misconduct." O'Connor v. Virginia Passenger & Power Co., 184 N. Y. 46–52, 76 N. E. 1082.

The demurrer raises the question that several causes of action against different defendants are improperly united. If the directors of the society wrongfully and negligently left its funds unguarded, so that strangers could help themselves, and thereby the society lost large amounts of money, it would be expected that a complaint against such directors, in addition to alleging their wrongs and neglects, would give particulars as to each separate transaction by which the society had lost, specifying the person who had taken the moneys, the circumstances under which they were taken and would show that the taker had no right to them, and it would appear that the society had a cause of action against each taker. These particulars would be added to such a complaint to make it definite and certain, and to show the extent and the manner of the losses. Here the defendant directors, instead of allowing strangers to take the money allowed some of their number to take it, but that does not require a change in the form of pleading, nor dispense with the propriety of a statement of the particulars of each loss. All of the allegations of the complaint show that it is an action brought against all of the defendants for their wrongful neglect and the waste of the society's moneys. It shows that each defendant who took money wrongfully, not only is liable for the money he took, but is liable also for the money which he permitted others to take. The fact, therefore, that this complaint alleges nine instances in which individual directors took the funds of the society, or took advantage of the society for his own benefit, and in that respect contains allegations which should go far towards establishing a cause of action against each, when taken in connection with the various allegations as to the gross neglect and mismanagement of all the directors, that they made no proper rules, that they disregarded the interests of the society and its funds and thus made possible, and brought about these wrongs by the different directors, makes it apparent that the plaintiff is pursuing, not each individual for the active wrong which he committed in helping himself, but is pursuing all the directors for the waste of the society's funds, seeking a judgment against each for all the damages which his wrongs and his neglect have caused. This cannot be viewed as an aggregation of different causes of action against different defendants without disregarding the principal allegations of the complaint, which could have no proper place in such a complaint, and which could only be used in asserting a liability against all. We cannot gather the object of the action from a single allegation in the complaint, but the complaint as a whole constitutes the cause of action. Referring to the circumstance that nine different defendants are named as receiving the funds without consideration and wrongfully, the com-

plaint shows that the society suffered those losses by the active wrong of each taker and the gross negligence and wrong of all the other 51 directors who permitted and made the wrong possible by their neglect of duty. So that each injury arose from the wrongful act of some director and the gross neglect of all the others. The active or passive wrong of each of the 52 directors caused the entire loss and each item thereof.

The complaint alleges but one cause of action against all the individual defendants. The interlocutory judgment should therefore be affirmed, with costs, with the usual leave to the defendants upon the payment of the costs below, and in this court to answer within 20 days.

All concur, except PARKER, P. J., not voting.