JOSEPHINE E. COVEY, a Stockholder of ENGLAND & McCAFFREY, INC., Suing on Behalf of Herself and All Other Stockholders Similarly Situated, Respondent, *v.* ENGLAND & McCAFFREY, INC., and Others, Appellants, Impleaded with EUGENE A. McCAFFREY, Defendant. (Appeal No. 1.)

JOSEPHINE E. COVEY, a Stockholder of ENGLAND & McCAFFREY, INC., Suing on Behalf of Herself and All Other Stockholders Similarly Situated, Respondent, *v.* ENGLAND & McCAFFREY, INC., and Others, Defendants, Impleaded with EUGENE A. McCAFFREY, Appellant. (Appeal No. 2.)

Fourth Department, October 7, 1931.

*Martin & Rendell* [*Richard R. Martin* of counsel], for the appellants England & McCaffrey, Inc., and others.

*Dunmore, Ferris & Dewey* [*Thayer Burgess* of counsel], for the appellant Eugene A. McCaffrey.

*Fuller, Brown & Hubbard* [*Gay H. Brown* and *Kenneth W. Fuller* of counsel], for the respondent.

PER CURIAM. The complaint is drawn with a prolixity and lack of clarity which amount to indefiniteness and uncertainty. Obviously the central operative fact in the three alleged causes of action is the asserted disregard by the directors of the by-law as construed by plaintiff. Thus tested there is but one cause of action. (Clark Code Pleading, § 19.) If we resort to the primary right and duty theory the same result follows. Plaintiff, representing here the corporation, has a primary right to an honest and efficient performance by defendants of their duties as directors. That right may be breached by a number of acts of the same character, or of a varied character. Not each act nor even each category of acts constitutes a separate cause of action. One right and one duty only have been breached. (Compare *Ringler* v. *Jetter*, *No. 1*, 206 App. Div. 478; 2 Abbott Forms of Pleading [2d ed.], 2118.)

Dealing with that part of the motion relating to uncertainty, we think the operative facts stated in the three causes of action may be concisely and plainly restated as a single cause. In the restatement the acts of dereliction relied on must be pleaded in a manner permitting defendants to know exactly what they are charged with and to answer intelligently; but the detailed items may await a demand for particulars, if defendants before trial need such information. As to the alleged irrelevancies and redundancies. Paragraph 9 and its repetitions do no harm and such allegations are not unusual in complaints of this nature. Paragraphs 10, 11, 16, 19, 20 and 21 are apparently intended to charge derelictions. In the restatement the pleader will no doubt avoid objectionable matter, such, for instance, as relates to motives, to inability to pay dividends, and the like.

The order should be reversed, with ten dollars costs and disburse-

ments to the appellants in each appeal, and the motions granted by directing service of an amended complaint in conformity with this opinion.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

On each appeal: Order reversed on the law, with ten dollars costs and disbursements, and motion granted in part in accordance with the opinion, with ten dollars costs.