JOSEPH A. BRODERICK, as Superintendent of Banks, etc., Plaintiff, *v.* BERNARD K. MARCUS and Others, Defendants.*

Supreme Court, New York County, January 9, 1933.

* See, also, 144 Misc. 310.

*Carl J. Austrian* [*Arthur Ofner, Warren C. Fielding* and *Harold N. Cohen* of counsel], for the plaintiff.

*Kaufman & Weitzner* [*Samuel Kaufman, Emil Weitzner* and *Sidney Friedman* of counsel], for the defendants Edward H. Lewis and Arthur W. Little.

*Milton Dammann* [*Charles F. Goldberg* of counsel], for the defendant Jac L. Hoffman.

*Stein & Salant*, for the defendant Reuben Sadowsky.

*David Brady*, for the defendant Joseph Brown.

*Proskauer, Rose & Paskus*, for the defendant David Tishman.

*Hardy & Hardy*, for the defendants Robert Adamson and C. Stanley Mitchell.

SHIENTAG, J. The action is one by the Superintendent of Banks pursuant to section 81 of the Banking Law and sections 60 and 61 of the General Corporation Law against various members of the board of directors of the Bank of United States. The Superintendent complains of the general conduct and management on the part of the defendants extending over a number of years, resulting it is alleged in the ultimate insolvency of the bank. In

brief, the relief demanded is for an accounting and for damages resulting from the alleged negligent and illegal conduct of the defendants as directors.

The motion is by a number of the defendants to compel plaintiff to amend the complaint by separately stating and numbering the causes of action asserted to be alleged therein. The moving defendants contend that the complaint contains many separate and distinct causes of action, (1) for an accounting, (2) for damages resulting from negligent and illegal conduct, (3) for damages based upon the negligence of the defendants in their capacities as directors of the Municipal Bank and Trust Company, Bankus Corporation and other corporations affiliated with and subsidiary to the Bank of United States. The sufficiency of the complaint is not attacked on this motion.

To appreciate the significance of sections 60 and 61 of the General Corporation Law it is necessary to trace their history and to show the defects in the law and the evils which they were designed to remedy. (See Laws of 1828, 2 R. S. p. 462; Laws of 1880, chap. 178, enacting section 1781 of the Code of Civil Procedure; Laws of 1907, chap. 157, amending section 1781 of the Code, re-enacted by Laws of 1909, chap. 27, as section 90 of the General Corporation Law; Laws of 1913, chap. 633, enacting section 91-a of the General Corporation Law; Laws of 1929, chap. 650, of the General Corporation Law in the revision of 1929.)

Without going into a detailed analysis of these statutes, suffice it to say that present sections 60 and 61 of the General Corporation Law are, for the purpose of this motion in any event, substantially similar to section 1781 of the Code of Civil Procedure, as amended in 1907.

Section 1781 of the Code of Civil Procedure originally provided as follows:

" § 1781. Action against directors, etc., for misconduct. An action may be maintained against one or more trustees, directors, managers, or other officers of a corporation, to procure a judgment for the following purposes, or so much thereof as the case requires:

" 1. Compelling the defendants to account for their official conduct, in the management and disposition of the funds and property, committed to their charge.

" 2. Compelling them to pay to the corporation, which they represent, or to its creditors, any money, and the value of any property, which they have acquired to themselves, or transferred to others, or lost, or wasted, by a violation of their duties."

Prior to the amendment of 1907 the courts experienced great difficulty in devising appropriate and efficient machinery for the trial

and enforcement of the liability of corporate directors for wrong-doing and mismanagement in the performance of their duties. These difficulties may be grouped under three broad heads.

In the first place, the authorities antedating the enactment of section 60 and its predecessor section 1781 of the Code of Civil Procedure, many of which are relied upon by the defendants, disclose the subtle distinctions and metaphysical problems involved in the attempts of the courts to differentiate between legal and equitable claims against corporate directors. On the one hand, we find such terms as " misappropriation,"-" interference with corporate assets," " fraudulent breach of a trust," " diversion " and " waste of property," all of which were held to justify resort to equity. (*People* v. *Equitable Life Assurance Society*, 124 App. Div. 714; *Cruikshank Building Corporation* v. *Egbert*, 129 Misc. 268; affd., 221 App. Div. 768; *Bosworth* v. *Allen*, 168 N. Y. 157.) On the other hand, the terms " mismanagement," " negligence," " nonfeasance " and " omission of duty " were held to give rise solely to legal as distinguished from equitable causes of action, maintainable only upon the law side of the court. (*Dykman* v. *Keeney*, 154 N. Y. 483; *O'Brien* v. *Fitzgerald*, 143 id. 377.) It was most difficult to determine the precise line of demarcation between facts calling for equitable and those calling for legal relief. In the second place, prior to the amendment of 1907, the attempt to unite within the borders of a single complaint what were regarded as demands for both equitable and legal relief, rendered the complaint subject to demurrer upon the ground of misjoinder. (*People* v. *Equitable Life Ins. Co.*, 124 App. Div. 714; *Mutual Life Ins. Co.* v. *Gillette*, 119 id. 430; *O'Brien* v. *Fitzgerald*, 143 N. Y. 377.) In the third place, it was held improper to join claims and demands not affecting all of the defendants, the general rule being that separate relief could not be demanded for a wrong unless all of the defendants were to some extent involved therein. (*People* v. *Equitable Life Ins. Co.*, *supra; Moran* v. *Vreeland.* 81 Misc. 664; *Higgins* v. *Tefft*, 4 App. Div. 62.)

As a result of these rules a plaintiff in a representative action seeking redress against directors was necessarily compelled to bring a variety of independent suits at law and in equity in order to recover the complete loss and damage sustained. He was required to divide his causes of action into groups and to institute those requiring equitable relief on the equity side and those calling for legal relief on the law side. Separate suits became necessary where the transactions complained of involved different directors or groups of directors.

In *Dykman* v. *Keeney* (154 N. Y. 483) the Court of Appeals,

after sustaining a demurrer to a representative action against corporate directors for negligence in the discharge of their official duties, on the grounds that there was a misjoinder of causes of action and that the complaint did not state a good cause of action in equity, said (p. 492): "Without further discussion, the conclusion I have reached is that, although the pleader has endeavored, in the framing of his complaint, to give to it an equitable form, he has failed to do more than to show, and to enlarge upon, the difficulties of the plaintiff's situation and of making the proof to sustain a recovery. It only sets forth a cause of action for damages for the negligent and wrongful acts of these directors; where equitable relief is unnecessary and where the defendants ought not to be deprived of their constitutional right of a trial by jury. If there is any hardship in these views and if it is urged (which I do not admit), that the difficulty of holding delinquent directors responsible for their wrongful and negligent acts is added to and should require a different rule, the remedy should be sought for in legislation, which would permit that form of action which the law of the state does not now, in my judgment, permit."

The Legislature was deeply concerned by this problem. It was not content that actions of this character remain bemired in "the great Serbonian bog." Accordingly, in 1907 section 1781 of the Code of Civil Procedure was amended by including in the type of action theretofore authorized, which had been denominated as equitable in character, a claim against corporate directors or officers arising out of "neglect or failure of defendants to perform their duties," but giving to either plaintiff or defendant the right to demand a trial by jury upon the issues of negligence. This amended section in substance is now embraced in sections 60 and 61 of the General Corporation Law of 1929.

Those sections, so far as they are here pertinent, read as follows (and for clarity I have placed in italics the changes which, in substance, were made by the 1907 amendment):

" § 60. Action against officers of corporation for misconduct. An action may be brought against one or more of the directors or officers of a corporation to procure judgment for the following relief or any part thereof:

" 1. To compel the defendants to account for their official conduct, *including any neglect of or failure to perform their duties*, in the management and disposition of the funds and property, committed to their charge.

" 2. To compel them to pay to the corporation, or to its creditors, any money and the value of any property, which they have acquired to themselves, or transferred to others, or lost, or wasted, by *or*

*through any neglect of or failure to perform or other* violation of their duties."

" § 61. Who may bring such action. An action may pe brought for the relief prescribed in the last section, by the attorney general in behalf of the people of the state, or except for the relief specified in the third and fourth subdivisions, by the corporation or a creditor, receiver or trustee in bankruptcy thereof, or by a director or officer of the corporation.

" *Upon the application of either party the court shall make an order directing the trial by jury of the issue of negligence, and for that purpose the questions to be tried must be prepared and settled as prescribed in section four hundred and twenty-nine of the civil practice act."*

Under these remedial statutes, what is the present status of representative actions against directors of corporations for dereliction of duty?

1. The contention that each individual wrong and negligent act complained of constitutes a separate and distinct cause of action is entirely without merit. Even before the amendment of 1907 it was held that each item of wrongdoing did not constitute a separate cause of action but that an entire series of negligent transactions gave rise to one cause of action at law, and a series of misappropriations or wrongful diversions of property to one cause of action in equity. (*Young* v. *Equitable Life Assurance Co.*, 112 App. Div. 760; *Mutual Life Ins. Co.* v. *McCurdy*, 118 id. 822; *Bosworth* v. *Allen*, 168 N. Y. 157.)

2. It is now immaterial that the defendants are not equally liable and that they were not all concerned in the same wrongful, negligent or illegal transactions complained of.

In addition to the radical changes produced by the enactment of section 60 of the General Corporation Law, section 211 of the Civil Practice Act has abolished the requirement of section 484 of the old Code of Civil Procedure that all parties defendant must be affected by each of the claims and demands pleaded in the complaint. (See *People* v. *Equitable Life Assurance Society*, 124 App. Div. 714; *Moran* v. *Vreeland*, 81 Misc. 664.) Section 211, relating specifically to the joinder of parties defendant, provides: " All persons may be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally, or in the alternative; and judgment may be given against such one or more of the defendants as may be found to be liable, according to their respective liabilities." This section, taken from the English Practice Act with the view of simplifying practice and curtailing litigation, has been given a liberal construction. (*Bossak* v. *National Surety Co.*, 205 App. Div. 707; *Thermoid Rubber Co.* v. *Baird Rubber &*

*Trading Co.,* 124 Misc. 774; *Cuban-Canadian Sugar Co.* v. *Arbuckle,* 127 id. 64.)

3. Concededly, since the amendment of 1907, claims for equitable relief may be joined with legal demands, in a representative action against corporate directors.

4. The moving defendants contend that while legal and equitable claims may be joined in one action each group constitutes a distinct cause of action and should be separately stated and numbered.

The statutes we are considering being remedial in character should receive a broad and liberal construction. There should be read with them the most salutary and efficient meaning, one which will produce the most beneficial effect. " To interpret," it has been aptly said by a great Continental jurist, " means to lock for the meaning and significance behind the expressed words." Looking to the words of these statutes, and the soil from which they sprang, and having regard to the objects sought to be accomplished, defendants' construction cannot be sustained. The very words of the statute reject the interpretation contended for by the defendants. The Legislature did not provide, as it would undoubtedly have done, if the defendants' arguments were sound, that causes of action of an equitable and legal nature might be joined, but that " an action may be brought * * * to compel the defendants to account for their official conduct including any neglect of or failure to perform their duties " (Subd. 1) and " to compel them to pay to the corporation * * * any property, which they have acquired to themselves, or transferred to others, or lost or wasted, by or through any neglect of or failure to perform or other violation of their duties " (Subd. 2).

The language of the statute shows that a single cause of action for composite relief and for the recovery of the entire loss and damage sustained, is provided for, and not the mere joinder of legal and equitable actions formulated as separately stated and numbered causes of action.

This view of the statute is directly supported by the language of section 61 providing, as has already been pointed out, that the issues of negligence — not a cause of action for negligence — shall on demand of any of the parties be tried by a jury. The matters to be so tried are not causes of action, but merely the issues of negligence raised by the allegations of the complaint and answer with respect thereto. Section 61 requires that the questions so to be tried by a jury must be prepared and settled as prescribed in section 429 of the Civil Practice Act. The latter section refers to the trial of " one or more issues of fact in an action " and provides that the court must cause the issues to be distinctly and plainly stated.

Incidentally let it be said in response to a contention advanced by the defendants that the issue of negligence to be tried by a jury of necessity includes the question of damages. As an objection to this interpretation of the statute, there is urged the difficulty of preparing an answer to one omnibus action. Pragmatically, in any event, that objection is answered by the fact that of thirty-eight defendants, thirty have already answered seemingly without encountering any insurmountable difficulties. Certainly the same preciseness is not required in an answer to a complaint of this character as would be insisted upon in an action on a promissory note or for goods sold and delivered.

So far as preparation to meet the issues is concerned, a bill of particulars is just as effective if there is one cause of action as if they were split up and separately stated and numbered.

Even if it be assumed that the Legislature did not intend to eliminate or modify the distinctions theretofore made by the courts, between liability in equity or at law, in suits against directors for breach of their official duty, the evidence is convincing that it was not the intention to compel the artificial separation of legal and equitable demands into separate and distinct causes of action but on the contrary that it was the legislative purpose to merge all transactions involving both legal and equitable relief into a single controversy, and to authorize the incorporation of all such transactions in a single cause of action; that it was intended to have this single controversy, this one cause of action, including demands for legal and equitable relief, tried before one judge, with a jury impaneled, to bring in a special verdict on the issues of negligence and upon any other issues which may be held to involve claims for legal as distinguished from equitable redress.

The language of recent cases arising under sections 60 and 61 of the General Corporation Law lends support to this view. True, most if not all of these utterances were dicta, and the precise decisions may be justified on other grounds. By forceful iteration, even a dictum may attain the dignity of respectable authority.

" Plaintiff, representing here the corporation, has a primary right to an honest and efficient performance by defendants of their duties as directors. That right may be breached by a number of acts of the same character, or of a varied character. Not each act nor even each category of acts constitutes a separate cause of action. One right and one duty only have been breached." (*Covey* v. *England & McCaffrey*, 233 App. Div. 332.)

In *German American Coffee Co.* v. *Diehl* (86 Misc. 547; affd., 168 App. Div. 913; 216 N. Y. 726) the court in construing sections 90 and 91-a of the General Corporation Law (now sections 60 and

61 thereof) said: " But by section 91-a, * * * a jurisdiction to entertain such an action in equity on behalf of the corporation or its representatives has been expressly conferred upon this court, with a provision for the separate trial by jury, pursuant to section 970 of the Code of Civil Procedure, of any issue of negligence which may arise in such an action, if either party should apply for it. The effect of this statute is to do away with the distinctions recognized in the cases above cited between strict actions for an accounting of property actually received and for wrongful acts, and to authorize a single comprehensive action in equity in which the directors or officers of a corporation may be called to account for all of their acts while in office, whether the said acts consisted of the actual misappropriation of funds, or were negligence or neglect of duty, resulting in damage." (See, also, *Brennan* v. *Barnes*, 133 Misc. 340; *Baker* v. *Baker*, 122 id. 757; *Wilson* v. *Brown*, 107 id. 167; affd., 190 App. Div. 926; *Van Schaick* v. *Alpert*, N. Y. L. J. Mar. 16, 1932, per Mr. Justice GLENNON; affd., 235 App. Div. 833.)

5. The conclusions just reached make it unnecessary to consider a further point, not stressed by the plaintiff, namely, whether by the amendment of 1907 the Legislature, in this type of action, intended to do away in whole or in part with the finely drawn distinctions theretofore made by the courts between liability at law and liability in equity for wrongful acts committed by corporate directors in the discharge of their official duties. It might well be urged that the 1907 amendments incorporated a broader conception of the fiduciary relationship of a director to the corporation, whose affairs were intrusted to his charge; that for all wrongful acts committed by a director in the line of his official relation, acts of omission as well as those of commission, acts of nonfeasance as well as mis-feasance, acts of negligence as well as fraud, he was to account to the stockholders, and damages were to be an incident to the accounting for his breach of duty; that to avoid any question which might be raised, concerning violation of the constitutional right to trial by jury, provision was made for such trial on the issues of negligence, that having theretofore been regarded as breach of a legal duty, rather than as giving rise to a claim for equitable relief.

The citation from *German American Coffee Co.* v. *Diehl*, and the language of other cases cited *supra*, lend support to this view.

A more debatable question is raised by the contention of the defendants that the claims arising out of the Municipal Bank and Trust Company transaction and the acts of the defendants in the management of the subsidiary corporations of the Bank of United States, should be separately stated and numbered. The answer to this necessarily depends upon the construction of the complaint,

particularly paragraphs 13 and 14 thereof. As I construe the allegations of these paragraphs in the light of the entire complaint, we are not here dealing with wrongs to subsidiaries, separate and distinct from those occasioned to the parent company. We are not dealing with wrongs against the subsidiaries solely, as to which the right of redress passed to the parent company. It may be said likewise that we are not here dealing with wrongful acts alleged to have been committed by the defendants as directors of subsidiary corporations, separate and apart from their official relations as directors of the parent company.

Here, as distinguished from *Fleitmann* v. *United Gas Improvement Co.* (174 App. Div. 781), there is charged an interrelation or connection between the wrongful acts of the defendants as directors of the parent company and the directors of the subsidiaries. The damage claimed is to the Bank of United States, rather than to the subsidiaries. The transactions which are attacked were common to the parent company and the subsidiaries. The transactions dealt with in paragraphs 13 and 14 are alleged as parts of a single plan or arrangement which had its origin either within the corporate structure of the Bank of United States or as part of a scheme participated in by those in charge of the affairs of all of the companies involved.

In view of the foregoing the motion to separately state and number is in all respects denied. Settle order.