## RIPPERGER v. ALLYN et al.

District Court, S. D. New York.
July 26, 1938.

See, also, D.C., 37 F.Supp. 373.

Jacob K. Javits and Percival E. Jackson, both of New York City, for plaintiff.

Seibert & Riggs, of New York City (Royal E. T. Riggs and H. Preston Coursen, both of New York City, of counsel), for defendants Chester Dale et al.

Mudge, Stern, Williams & Tucker, of New York City (H. G. Pickering and Harlowe E. Bowes, both of New York City, of counsel), for defendants Trinway Corporation et al.

Sullivan & Cromwell, of New York City (John C. Bruton, Jr., of New York City, of counsel), for defendants J. Henry Schroder Banking Corporation et al.

LEIBELL, District Judge.

Motions are made in this case by three sets of defendants, represented by different attorneys. The motions are similar in that upon each of them an order is sought (1) directing plaintiff to separately state and number the several causes of action allegedly included in the first cause of action of the complaint; (2) directing plaintiff to make the complaint more definite and certain; and (3) dismissing the fourth cause of action on the ground that it fails to state facts sufficient to constitute a cause of action against the moving defendants.

The second item of relief sought seems to have been included merely as an adjunct to the first, no real attempt being made to show that the complaint is indefinite or uncertain in any important respect. The other grounds of criticism of the complaint under this item may be met by an adequate bill of particulars. I will therefore address myself to the first item of relief sought, namely, that the first cause of action should be broken up into a number of counts separately stated and numbered.

This is an action in equity brought by the receiver of United States Electric Power Corporation (hereafter called U. S. Electric). In the first cause of action it is charged, in substance, that a group of defendants, who are referred to as security dealers, formulated a plan to obtain· control of Standard Gas and Electric Company and Standard Power and Light Corporation, for the purpose of procuring the profitable banking and security and other business of these corporations and their numerous subsidiaries and for the purpose of otherwise making personal profits for themselves, their associates, members, officers and employees. As part of the plan the security dealers organized U. S. Electric, a Maryland corporation, which they would control, as a medium for consolidating the voting power of Standard Gas and Standard Power owned by them or their associates and for the purpose of obtaining monies from the public for the acquisition and control of additional Standard Gas and Standard Power stock. In this alleged scheme the security dealers enlisted the aid of various other defendants named in paragraph Twelfth of the complaint. The stock of U. S. Electric was so issued as to assure to the defendant security dealers control of the new corporation, and it is alleged the Class "A" stock was issued to them at an improperly low price. In furtherance of their plan, the security dealers allegedly caused various other defendants to be appointed as officers and directors of U. S. Electric and the directors and officers, so chosen, acted solely for the interests of and in furtherance of the plans of the security dealers rather than for the best interests of U. S. Electric. Thereafter U. S. Electric acting through said directors is charged with having purchased Standard Gas stock from the security dealers at excessive prices. However, when these purchases of Standard Gas stock failed to give the defendant security dealers control of Standard Gas, they proceeded to improvidently expend the resources of U. S. Electric to achieve that end as described in Paragraph Twenty-Fourth of the complaint. As part of the scheme it is claimed that Standard Gas stock was exchanged for Standard Power stock in violation of the provisions of Section 36 of

Article 23 of the Maryland Code (Paragraph twenty-fifth). When partial control of Standard Gas and Standard Power was thus achieved by U. S. Electric, the security dealers were extended privileges which resulted in millions of dollars of profits to them (Pars. twenty-sixth, twenty-ninth). As a result of the alleged wrongful acts and conspiracy of the defendants, U. S. Electric became insolvent and was dissolved, plaintiff being appointed receiver and statutory successor. Plaintiff seeks an accounting from the defendants, some of whom, it is argued, stood in a fiduciary relationship to the corporation and to its other stockholders, through the control of the stock of U. S. Electric and control of its Board of Directors and officers, while other defendants if not fiduciaries, participated in the alleged plan or scheme and profited therefrom. The prayer for relief also asks that the amount of the damages sustained by U. S. Electric by reason of the acts of the defendant directors and the other defendants who were in control of that corporation be fixed and determined.

In their papers the attorneys for the moving defendants attempt to break up the first cause of action into various parts (six or seven in number) claiming that each part in itself constitutes a separate cause of action and should be separately stated. The moving parties also make the point that certain of the acts alleged in the first cause of action were done by some, but not by all of the defendants and that some of said acts resulted in profits to certain defendants and some merely damaged the corporation (U. S. Electric). For example, it is argued that the charge of improper domination of U. S. Electric by the security dealers is a single cause of action and should be stated as such; that the exchange of Standard Gas stock for Standard Power stock in violation of a section of the Maryland Code is another separate cause of action; and that each act of alleged misfeasance on the part of the directors (e. g. the issuance of the Class "A" stock of U. S. Electric to the security dealers at excessively low prices or the purchase of Standard Gas stock by U. S. Electric at excessively high prices) should be stated as a separate count. In particular it is urged that as to some of the wrongful acts charged the Statute of Limitations may have run and that different periods of limitation may be applicable to the various wrongs alleged in the first cause of action.

On the other hand, plaintiff contends that each wrongful act charged to the defendants in the first cause of action is alleged to be part of and a mere episode in a wrongful scheme and conspiracy of these fiduciaries and their associates to which the other defendants in some way contributed or in which they participated and which must be viewed as a whole and may be alleged as a whole, since all the separate acts are integrated by reference to the common plan.

I am of the opinion that in the first count only one cause of action for conspiracy is alleged and that the motion to compel plaintiff to separately state and number should be denied. The following excerpt from the Court's opinion in Bosworth v. Allen, 168 N.Y. 157, at page 166, 61 N.E. 163, at page 165, 55 L.R.A. 751, 85 Am.St.Rep. 667, is pertinent: "A court of equity has power, at the instance of the proper party, through its flexible and comprehensive action for an accounting, to inquire into every official act of the officers and directors, and, testing them by the standard of good faith and the absence of gross negligence, to compel restitution of property withheld, with compensation for assets wasted, and to award damages for the natural consequences of official misconduct, when such damages are claimed, in connection with equitable relief, on account of a general course of injurious action or a conspiracy to despoil the corporation. Even if part of the relief could be had in actions at law, still, when it is sought in connection with strictly equitable relief, such as the discovery of trust property and the recovery thereof, and the right to all relief springs from a common cause, such as a conspiracy, all may be included in the sweeping action for an accounting."

So also in Covey v. England & McCaffrey, 233 App.Div. 332, 253 N.Y.S. 340, 341, the court pointed out: "Plaintiff, representing here the corporation, has a primary right to an honest and efficient performance by defendants of their duties as directors. That right may be breached by a number of acts of the same character, or of a varied character. Not each act nor even each category of acts constitutes a separate cause of action. One right and one duty only have been breached."

See, also, Broderick v. Marcus, 146 Misc. 240, 261 N.Y.S. 625, affirmed 239 App.Div.

816, 263 N.Y.S. 981; Whalen v. Strong, 230 App.Div. 617, 246 N.Y.S. 40.

■ I am of the opinion that, though plaintiff might have alleged several causes of action against various of the defendants, he has elected to allege one cause of action in equity based upon the conspiracy as a whole. This plaintiff had a right to do and to seek an accounting from certain of the defendants and damages for waste of corporate assets as against the defendant directors. Paragraphs seventeen, eighteen, nineteen, twentieth, twenty-fourth (a to f), twenty-sixth, twenty-seventh, twenty-eighth, twenty-ninth and thirtieth charge waste of the corporate assets and misfeasance by the directors with profit in some instances to defendant security dealers and their "associates". Defendants may not complain, since it is not apparent that the allegations are too indefinite or uncertain to give fair notice to defendants of the acts with which they are charged.

■ The moving defendants point out that one statute of limitations will apply where the wrongful acts of the defendants are alleged to have resulted in profit to themselves, and a different statute will apply where the wrongful acts are alleged to have damaged the corporation but did not result in profit to defendants. Potter v. Walker, 276 N.Y. 15, 11 N.E.2d 335. From this it is argued that the two types of acts must be separately stated in different counts if the appropriate statute of limitations is to be availed of. That this argument is not well founded is apparent from the decision in the Potter case. There (276 N.Y. at pages 24, 25, 11 N.E.2d 335) the court applied the six-year statute to certain defendants who in the first cause of action were alleged to have participated in the conspiracy but whose acts merely damaged the corporation, and at the same time held that ten-year statute applied to other defendants who *in the same first cause of action* were charged with having profited from their wrongful acts done pursuant to the conspiracy. So in the case at bar, the mere fact that the conspiracy is alleged as a whole will not prevent each defendant from relying on the statute of limitations which is applicable to the charge against him.

■ I pass, therefore, to a consideration of the legal sufficiency of the fourth cause of action on the motion to dismiss. This cause of action repeats the allegations of domination of U. S. Electric by the security dealers for their own benefit and the subservience of the directors and officers of that corporation to the security dealers. It is further alleged that in order to pay off notes given by U. S. Electric for the purchase of Standard Gas and Standard Power stock, U. S. Electric negotiated bank loans and in order to obtain renewals of same, the corporation pledged all its assets as collateral therefor. In April, 1936, the banks notified U. S. Electric of their intention to sell the collateral at public auction. The defendant directors are charged with failure to take any steps to prevent the sale or to reacquire the notes, because they were informed that the security dealers had arranged with defendant Bancamerica Blair Corporation and various other defendants to purchase the notes and obtain the collateral for their own benefit. By reason of such failure on the part of the directors, some of the security dealers and Bancamerica Blair Corporation on May 21, 1936, purchased the notes and all the assets of U. S. Electric for $3,000,000. In the ensuing months the purchasers sold the collateral at a profit. The plaintiff on these facts seeks an accounting from these security dealers and Bancamerica Blair Corporation for the profit so realized and a judgment requiring them to transfer and assign the notes of U. S. Electric which they now hold. As I read this cause of action there is also included a claim against the directors for waste of corporate assets and misfeasance where they did not actually participate in the profits derived from this transaction.

Heretofore a motion was made by defendant Bancamerica Blair Corporation, for an order dismissing the fourth cause of action for failure to state facts sufficient to constitute a cause of action. This motion was denied by Judge Patterson on June 27, 1938, 25 F.Supp. 554. That decision should be followed here. Its reasoning is applicable to all the moving defendants, whether they be directors of U. S. Electric, security dealers, or co-purchasers of the notes and collateral with defendant Bancamerica Blair Corporation. As was pointed out on the Bancamerica Blair motion, the plaintiff on a motion of this kind is entitled to the most favorable inferences to be drawn from the facts pleaded. See, also, Dyer v. Broadway Central Bank, 252 N.Y. 430, 432, 169 N.E. 635.

All defendants' motions are accordingly denied. Submit orders on one day's notice.

See, also, D.C., 37 F.Supp. 375.