**BROOMFIELD v. DOOLITTLE et al.**
**CALNANE v. SAME.**

District Court, S. D. New York.

May 28, 1942.

Supplemental Opinion July 31, 1942.

Abraham M. Glickman, of New York City, for plaintiff Broomfield.

James J. McLoughlin, of New York City (Percival E. Jackson, of New York City, of counsel), for plaintiff Calnane.

Sullivan & Cromwell, of New York City (David W. Peck and Howard T. Milman, both of New York City, of counsel), for defendant Fogarty et al.

GODDARD, District Judge.

Four motions have been made or joined in by some of the defendants in each of the above similar actions. As the motions present questions common to all of the moving parties, they may be considered and disposed of together. One. For orders under Rules 10(b) and 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, requiring plaintiffs to serve second amended complaints wherein each claim, founded upon a separate transaction or occurrence, shall be stated in a separate count; Two. For orders under Rule 12(b) dismissing the amended complaints as against certain named defendants for failure to state claims upon which relief can be granted; Three. For orders under Rule 12(e) requiring plaintiffs to make more definite statements or to serve bills of particulars in respect to matters set forth in certain paragraphs of the amended complaints; and Four. For orders under Rule 12(f) striking from each complaint identical paragraphs on the ground that the matters therein contained are immaterial.

Both actions are brought by stockholders of the North American Company against directors of that company. In each complaint the defendants are charged with participating in a conspiracy to manage and control the affairs of the North American Company and its subsidiaries for their individual profit and benefit. In furtherance of this one alleged conspiracy various acts of mismanagement and misconduct are pleaded in each complaint.

■ Motions under Rules 10(b) and 12 (e). The defendants in both actions contend that each act of alleged misfeasance should be stated as separate counts in the complaints to enable them properly to prepare their answers. They urge first, that different periods of limitation may apply to each wrongful act and, secondly, that all defendants are not involved in each act.

I do not agree with the defendants. Only one cause of action for conspiracy is pleaded in each complaint. The wrongful acts are alleged to be part of and in furtherance of such conspiracy. The fact that there may be different defenses to each act is not sufficient in and of itself to necessitate the setting up of separate causes of action in the complaints. Ripperger v. Allyn, D.C., 37 F.Supp. 369.

■ Motions under Rule 12(f). The paragraphs which defendants seek to have stricken upon the ground that the matters contained therein are immaterial were pleaded for the purpose of assisting the court in determining whether plaintiffs are barred either by the statute of limitations or by laches from pressing their claims against the defendants. The statute of limitations may not have commenced to run against the plaintiffs until after the discovery of the alleged acts of misconduct. See Brinckerhoff v. Roosevelt, 2 Cir., 143 F. 478. The allegations, therefore, are material and pertinent.

■ Motions under Rule 12(e). This rule requires that a motion for a more definite statement or for a bill of particulars "shall point out the defects complained of and the details desired". Defendants have not done this. Motions are, therefore, denied without prejudice to a renewal in proper form.

Motions under Rule 12(b). Defendants' request to withdraw these motions is granted.

Motions for orders requiring the plaintiffs to serve second amended complaints are denied. Motions to strike out certain paragraphs from the complaints are likewise denied. Motions for more definite statements or for bills of particulars are denied without prejudice to renewal. Motions to dismiss as to certain of the defendants are allowed to be withdrawn.

Settle orders on notice.

### Supplemental Opinion.

GODDARD, District Judge.

Certain individual defendants in each of the above similar actions move (1) for reargument of motions heretofore made for orders compelling the plaintiffs to serve second amended complaints wherein each claim founded upon a separate transaction or occurrence, shall be stated in a separate count; and (2) for orders under Rule 12 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, dismissing a number of paragraphs in each amended complaint as against certain defendants, for failure to state claims upon which relief can be granted in that the claims of said paragraphs did not accrue

with the time limited by law for the commencement of actions thereon.

The previous motions for orders compelling plaintiffs to serve second amended complaints were denied on May 28, 1942, upon the ground that only one cause of action for conspiracy is pleaded in each complaint and the wrongful acts are alleged to be part of and in furtherance of such conspiracy. For that reason it was held, on the authority of Ripperger v. Allyn, D. C., 37 F.Supp. 369, that it was not necessary for each wrongful act to be pleaded as a separate count in the complaints.

The defendants fail to show that the prior determination of this court was wrong or that it should be revised. The fact that in a civil action an allegation that the defendants conspired to do wrong does not by itself state a cause of action, and that only the wrongful acts done in furtherance of such conspiracy which result in injury are actionable, is not sufficient upon which to conclude that, in all cases, each wrongful act states a separate cause of action which must be separately pleaded. In stockholders' derivative actions against directors and officers of a corporation it is not necessary that each wrongful act complained of be separately pleaded as a distinct cause of action. All the wrongful acts taken together give rise to but one cause of action. Covey v. England & McCaffrey, 233 App.Div. 332, 253 N.Y.S. 340; see also Broderick v. Marcus, 146 Misc. 240, 261 N.Y.S. 625, affirmed 239 App.Div. 816, 264 N.Y.S. 981. Accordingly, the motions for reargument are denied.

The motions under Rule 12(b) of the Federal Rules of Civil Procedure have not been timely made. Subdivision (g) of the same Rule provides in substance that with the exception of motions addressed to the court's jurisdiction, or to the sufficiency of process or service of process, a party who makes a motion under this rule must "include therein all defenses and objections then available to him which this rule permits to be raised by motion", and if he fails to do so he is precluded from thereafter making a motion based on any of the defenses or objections so omitted.

In the cases at bar prior motions were made by these same defendants for orders under Rule 12(e) requiring more definite statements or the service of bills of particulars, and for orders under Rule 12(f) to strike identical paragraphs from each complaint. The former were denied without prejudice and the latter were denied. Although the defendants moved at the same time for orders under Rule 12(b) dismissing the amended complaints for failure to state claims upon which relief could be granted, these motions were withdrawn.

It is apparent therefor, that the defendants are now precluded from making any further motions under Rule 12. United States v. Columbia Gas & Electric Corp., D.C., 1 F.R.D. 606. Cf. Martin v. Moery, D.C., 1 F.R.D. 127.

In any event these are derivative stockholders actions for an accounting of profits made by the defendants and losses sustained by the corporation. As such they are actions in equity and although there is a ten-year statute of limitations in New York, this court will adopt and apply such statute only if it is consonant with equitable principles to do so. Russell v. Todd, 309 U.S. 280, 60 S.Ct. 527, 84 L.Ed. 754. That question cannot be determined on these motions.

Motions for reargument are denied.

Motions to dismiss certain paragraphs in the complaints are also denied.

Settle orders on notice.