## CHIAVOLA v. MONTGOMERY WARD & CO., Inc., et al.

### No. 3981.

District Court, W. D. Missouri, W. D.

March 21, 1946.

David H. Bresler, of Kansas City, Mo., for plaintiff.

Watson, Ess, Barnett & Whittaker, of Kansas City, Mo., for defendant.

REEVES, District Judge.

An examination of the motion for a more definite statement discloses that it is rather a motion to require the plaintiff to state separate and independent causes of action. It is averred in the motion that "plaintiff has co-mingled and combined in one count, elements of two separate and distinct causes of action, to-wit: an action for false arrest and an action for malicious prosecution."

The complaint is entitled "Petition for Damages for False Arrest and Malicious Prosecution." All averments of the complaint are made in numbered paragraphs conformable to the first part of subparagraph (b) Rule 10, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. However, it is provided in the last part of said paragraph of the rule that "Each claim founded upon a separate transaction or occurrence * * * shall be stated in a separate count * * * whenever a separation facilitates the clear presentation of the matters set forth." The complaint substantially sets forth that, on January 25, 1944, the plaintiff was arrested by the personal defendant "acting for said defendant Montgomery, Ward & Company," and that she did so "wilfully, wantonly, wrongfully, maliciously, and without warrant of law." There is a further recital that the plaintiff was detained, forced to answer questions, and to sign a statement, and then to agree to appear in court the next day under the menace or threat of being kept in jail. Pursuant to such agreement, the next day, plaintiff appeared in the police court where, it is alleged the said personal defendant "acting for herself and said defendant Montgomery Ward & Company, wilfully, wantonly, wrongfully, maliciously, and without just or probable cause" placed a charge against the plaintiff and compelled her to stand trial. There is the further averment that the personal defendant testified against plaintiff "and did everything she could to cause the conviction of plaintiff but failed." She then avers that she suffered "great humiliation and mental anguish as a result of the acts and conduct of defendants * * * as aforesaid." She prays for damages in the sum of $5,000 actual and $5,000 punitive damages, or a total of $10,000.

Upon these averments and defendant's motion, the question for decision is whether the court should require the plaintiff to amend her complaint so as to set out separate and distinct charges in the nature of two separate and distinct causes of action, the one, as indicated in the motion, for false arrest, and the other for malicious prosecution.

1. As suggested by the corporate defendant, there is a distinction between a charge of false arrest and one for malicious prosecution. Unquestionably, it would have been within the power and the right of the plaintiff to have endeavored to maintain two separate and distinct counts if she had so elected. However, she has chosen to maintain a single action, and the averments of the complaint as above set

out comprehend a single count and seek a single remedy.

2. Rule 10(b) has been criticized as providing for "the story-telling type of pleading." This criticism would be just and proper if there were in fact an intermingling of claims. Such is not true in this case. The rule requires that there be incorporated in each paragraph a single set of circumstances. For instance, there is a paragraph with respect to the arrest and the occurrences at the time of the arrest, and then the next paragraph covers the occurrences of the next day at the police court.

3. The whole purport of the complaint is to claim damages arising from a series of related acts and not easily susceptible of a division into several lawsuits.

4. It is true that less and different proof is ordinarily required for false arrests than in cases of malicious prosecution. However, in this case, by her averments, the plaintiff has practically assumed identical burdens, both with respect to the arrest and with respect to the alleged malicious prosecution. ·

In the case of Original Ballet Russe v. Ballet Theatre, 133 F.2d 187, the Second Circuit Court of Appeals ruled on a similar problem. The court said, loc. cit. 189: "The ·fact that in pleading his claim the plaintiff has charged the defendants with accomplishing the harm by acts which viewed independently might themselves be deemed torts does not necessarily mean that he has alleged several causes of action which must be stated in separate counts." The above case was much like the one here, or at least it involved similar principles. Other authorities are to the same effect.

The case of Papantonio v. Giannini et al., 9 Cir., 149 F.2d 813, is not opposed to the decision in the Ballet Russe case. The Circuit Court of Appeals, in the Papantonio case, merely held that the trial judge was right in sustaining a motion to require the plaintiff to file separate claims where the complaint covered "47 pages of the transcript," and was against "numerous personal and corporate defendants" and referred to many alleged tortious acts.

In view of the above, the motion for a more definite statement should be overruled and it will be so ordered.