## NORTHWEST AIRLINES, Inc. v. GLENN L. MARTIN CO.

### Civ. No. 26383.

United States District Court
N. D. Ohio, E. D.

Oct. 25, 1949.

552

M. C. Harrison, Cleveland, Ohio, Francis D. Butler, St. Paul, Minn., for plaintiff.

C. M. Horn, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action in which plaintiff alleges that defendant sold plaintiff five airplanes which were negligently manufactured and which after delivery became defective causing injury to plaintiff.

Defendant moves (1) that plaintiff's complaint be made more definite and, (2) that plaintiff be required to state its claim with respect to each of the five planes involved in separate counts. The first motion is made under favor of Rule 12(e) and the second under Rule 10(b), Federal Rules of Civil Procedure, 28 U.S.C.A.

Defendant requests that the several particulars it asks to be made more definite be treated as separate motions and a ruling be made on each. Under Rule 12 (e) a motion to make more definite and certain only is favored when the complaint is so vague or ambiguous that a responsive pleading cannot reasonably be framed. Form 9 is an illustration of a negligence complaint, and it has been stated by this court that Form 9 will be taken as a standard. Plaintiff's complaint includes all the allegations found in Form 9, and, therefore, it seems adequate and is not so vague that defendant cannot frame a responsive pleading.

The first motion will be overruled.

Under Rule 10(b) separation of claims into separate counts is mandatory only if more than one claim has been joined in a complaint and separation will facilitate clear presentation. Original Ballet Russe v. Ballet Theatre, 2 Cir., 133 F. 2d 187.

I am of the opinion that only one claim is stated by plaintiff. True, five planes were involved, but it would appear that the purpose of the complaint is to claim damages arising out of a series of related negligent acts. In such a situation separate counts are not necessary. Chiavola v. Montgomery Ward & Co., Inc., D. C., 7 F.R.D. 85.

But even if separate claims are stated, it does not seem essential, for clear presentation of the matters set forth, to

have the claims stated separately. Defendant claims that separate counts will enable it to know if different defenses are required. This, in itself, is not a sufficient reason for granting the motion. Broomfield v. Doolittle, D.C., 2 F.R.D. 517. Another claim is that a lump sum verdict, if returned, will hinder defendant on appeal; but a verdict as provided for in Rule 49(a) and (b) would obviate such difficulty.

The second motion also will be overruled.