**NATIONAL COLD STORAGE CO., Inc.,**
**Plaintiff,**

v.

**PORT OF NEW YORK AUTHORITY,**
**Defendant.**

United States District Court
S. D. New York.
Nov. 18, 1959.

Choate, Ronalds, Reynolds & Hollister, New York City, for plaintiff. Ralph E. Reynolds, Joseph H. Choate, 3rd, William A. Moore, New York City, of counsel.

Sidney Goldstein, New York City, for defendant.

METZNER, District Judge.

Defendant moves pursuant to Rules 10(b) and 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to require the plaintiff to serve an amended complaint, so as to allege separate counts for each of the alleged claims of violation by the defendant of plaintiff's alleged rights in the leases and separate counts for alleged violations of state and United States statutes and for a more definite statement of each claim under said separate counts.

Rule 10(b) provides that:

"Each claim founded upon a separate transaction or occurrence * * shall be stated in a separate count * * * whenever a separation facilitates the clear presentation of the matters set forth."

Under this rule a separation of claims into separate counts is mandatory only when necessary to facilitate clear presentation. Original Ballet Russe v. Ballet Theatre, 2 Cir., 1943, 133 F.2d 187.

Both Paragraph 4 of the complaint and the prayer for relief clearly allege that the plaintiff is only seeking a declaratory judgment pursuant to 28 U.S.C.A. § 2201. The intervening allegations as to the relationship between the parties and the alleged breaches of that relationship either under the agreements or designated statutes are merely a detail of the facts upon which the plaintiff seeks relief. The pleading complies with the guideposts enunciated in Gins v. Mauser Plumbing Supply Co., 2 Cir., 1945, 148 F.2d 974, 976, where the court said:

"A simple statement in sequence of the events which have transpired, coupled with a direct claim by way of demand for judgment of what the plaintiff expects and hopes to recover, is a measure of clarity and safety; * * *."

The cases cited in defendant's memorandum in support of its contention that

separate counts should be alleged deal with situations where there are multiple prayers for relief. For example, in Kuhn v. Pacific Mutual Life Ins. Co. of California, D.C.S.D.N.Y.1940, 37 F.Supp. 100, the plaintiff set forth various sets of circumstances for each of which he sought to recover different sums as damages. Obviously such a complaint violated the provisions of Rule 10(b) and necessitated an amendment of the pleading so as to contain individual counts. Similarly, in Israel v. Alexander, D.C.S.D.N.Y.1942, 50 F.Supp. 1007, the complaint contained three claims for relief: (1) for fraudulent representations, (2) misapplication of funds, and (3) breach of contract.

In the complaint presently before the court there is only one claim for a declaratory judgment. We do not even have the situation presented in Lowe v. Consolidated Edison Co., D.C.S.D.N.Y. 1940, 1 F.R.D. 559, where a single count complaint set forth facts which might have constituted claims founded upon the Clayton and the Robinson-Patman Acts, 15 U.S.C.A. § 12 et seq. Even there the court held that a separation of counts was not necessary to the clear presentation of the matter which constituted the claim of the plaintiff. The fact that different statutes are specifically referred to as having been violated does not require separate counts. See Grauman v. City Company of New York, D.C.S.D. N.Y.1939, 31 F.Supp. 172.

Defendant contends that separate counts should be set forth in order for it to better plead its defenses. It relies on Rules 10(b) and 12(e) of the Federal Rules of Civil Procedure for this attack on the complaint. The complaint is not vague or ambiguous so as to prevent the defendant from reasonably framing a responsive pleading. In fact nowhere in the affidavit in support of this motion can there be found any specific mention of vagueness or ambiguity as required by Rule 12(e). Defendant relies on the cases of Erone Corporation v. Skouras

Theatres Corporation, D.C.S.D.N.Y.1956, 19 F.R.D. 299 and Baim & Blank, Inc. v. Vim Television & Appliance Stores, Inc., D.C.S.D.N.Y.1955, 139 F.Supp. 378. Both of these cases involved situations where there were multiple plaintiffs with different claims. Separate counts were ordered so that the defendants could properly plead different defenses that might have been available. However, the defendant can just as well answer the complaint as it now stands without the necessity of having it set forth in separate counts with the attendant repetition and verbosity. Lowe v. Consolidated Edison Co., supra; Broomfield v. Doolittle, D.C.S.D.N.Y.1942, 2 F.R.D. 517; Ripperger v. Allyn, D.C.S.D.N.Y. 1938, 37 F.Supp. 369.

Motion denied. So ordered.