GILBERT CLARK, INC., Plaintiff, *v.* GREENWICH VILLAGE FOLLIES, INC., Defendant.

City Court of New York, May 5, 1925.

Sales — action to recover contract price of dresses made to order — defense that dresses were not satisfactory as required by contract — dresses were retained by defendant — if contract was one for work and material, defendant was obliged to tender back dresses in order to be relieved from liability — if contract was one of sale, it came within Personal Property Law, § 150 — verdict for defendant set aside.

The verdict for the defendant in an action to recover an alleged balance due on a contract for the manufacture of certain dresses to order will be set aside, where it appears that although the defendant interposed the defense that the contract provided that the dresses should be satisfactory to it, and that they were not satisfactory to it when delivered, the defendant did not offer to return the unsatisfactory dresses but retained them, contending on the trial that the unsatisfactory dresses were of no value whatever.

If the contract is one for work, labor and materials furnished, the defendant was under an obligation to return the dresses in order to relieve itself from liability, unless, upon making the offer so to do, the plaintiff refused to accept the return.

If the contract was one of sale, it came directly within section 150 of the Personal Property Law which states the remedies of the buyer for breach of warranty, and while the defendant elected to proceed under paragraph (d) of subdivision 1 of section 150 of the Personal Property Law, it attempted to bring itself within paragraph (a) of subdivision 1 of that section by offering to show that the goods delivered had no value, and the result is, that it falls between both remedies and is within neither.

MOTION by plaintiff to set aside verdict of jury.

*Otto A. Gillig,* for the plaintiff.

*William Kaufman,* for the defendant.

McKEE, J.:

The plaintiff sues on a check given in payment of a balance due for certain dresses made by the plaintiff for the defendant. The defense is that the dresses were to be made to the satisfaction of the defendant and two actresses known as the Dolly Sisters, and that the dresses were not satisfactory. Three items are involved: Two feathered dresses, two so-called " Pipes of Pan " dresses and one tea gown. The defendant claims that the tea gown was not ordered and that the other dresses were not satisfactory. The jury in its verdict charged the defendant with the so-called " Pipes of Pan " dresses and the tea gown, but not for the feathered dresses, the contract price for which was $1,000. The defendant in its answer alleges that the value of all the dresses outside of the three items in dispute was $2,025; that it paid up to the time of the giving of the check sued upon the sum of $2,810, and asks judgment for the difference between these sums, amounting to $785, because the merchandise about which the dispute arose was not " in all respects satisfactory to the defendant and the Dolly Sisters, and was not suitable for the purpose for which it was to be used, of which fact the plaintiff was duly notified immediately after an inspection of the said merchandise, and thereupon the merchandise in question was duly tendered back to the plaintiff," and further it alleges " that the reasonable value of the merchandise delivered and which conforms to the agreement is $2,025," and " that due demand was made for the return of the excess paid to plaintiff." At the trial the defendant did not prove any tender back of the disputed dresses, but offered testimony to show that the dresses were of no value. This testimony was not received upon objection by the plaintiff. The defendant, on this motion by the plaintiff to set aside the jury's verdict, takes the position that the transaction was either a contract for work, labor and services and materials furnished or a sale. If the former, the defendant contends that there was no obligation on its part to tender back the dresses, if they were not according to the contract and, if the latter, that the action is governed by section 150, subdivision 1, paragraph (a), of the Personal Property Law (as added by Laws of 1911, chap. 571), whereby the buyer accepts the goods and sets up the breach of warranty by way of recoupment in diminution or extinction of the price. It claims that its offer of testimony that the dresses had no value whatever was made under this section of the law and its rejection was improper, and consequently the

defendant was under no obligation to show a tender back of the dresses. Even were this transaction between the parties considered as one for work, labor and services and material rendered, the defendant was under an obligation to return the goods unless upon making the offer so to do it is relieved of the obligation by a refusal to receive them if tendered. Title to these dresses had passed to the defendant, and if it desired to revest the property in the plaintiff it was necessary for it to return or offer to return the goods. The attempted proof of the value of the dresses would not have been sufficient if received to relieve the defendant of this duty, since the dresses were of some value to the plaintiff. On the other hand, if the transaction were a sale it came directly within section 150 of the Personal Property Law (as added by Laws of 1911, chap. 571), which states the remedies of the buyer for breach of warranty. It was necessary for the defendant to elect between the different remedies given by this section. (*Apex Chemical Co.* v. *Compson,* 171 N. Y. Supp. 60; *Metropolis Woolen Co.* v. *Nemcof,* 174 id. 649.) The defendant's pleadings show an election of the remedy provided by paragraph (d) of subdivision 1 of section 150. However, it attempted to bring itself within subdivision a of section 150 by offering to show that the goods delivered had no value. As a result it falls between both remedies and is within neither. The issue of damages sustained by breach of warranty not having been presented by the pleadings and the rejection and tender back of the goods having been pleaded but not proved, the verdict based on this contradiction cannot stand. For these reasons it is necessary to set aside the jury's verdict and grant a new trial. Submit order.