578

## INGENUITIES CORPORATION OF AMERICA et al. v. TRAU et al.

District Court, S. D. New York.

Jan. 8, 1941.

Herbert L. Slote, of New York City, for plaintiff.

Daniel G. Albert, of New York City, for defendant.

CONGER, District Judge.

Defendants have moved, pursuant to Rules 10(b) and 12(e), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for an order directing plaintiffs to serve an amended complaint separating, stating and numbering each cause of action, and to make more definite and certain.

The complaint is set out in one count, comprising thirteen paragraphs. After setting forth the identity and citizenship of the parties, the complaint (paragraph 3) states that this is a suit for unfair competition, unfair trade practices, fraud, deceit, conspiracy, infringement, and violation of trade-marks, and violation of license contract and other rights of the plaintiffs.

The same paragraph alleges jurisdiction in the court under the patent and trade-mark laws; and also bases same on diversity of citizenship, alleging the jurisdictional amount.

One fact is immediately apparent, namely, that diversity of citizenship does not exist, inasmuch as 'at least one of the defendants is a citizen of the same state as the plaintiffs.

A further reading of this complaint has convinced me that the defendants' motion for an amended complaint, separately stating and numbering the causes of action should be granted.

This complaint is not in accord with the Federal Rules of Civil Procedure (Rules 8 and 10(b), which call for, respectively, short and plain statements, and averments which are simple, concise and direct, which shall be in separately numbered paragraphs, each paragraph limited to a single set of circumstances, and a separate statement, in the interest of clarity, of the various claims.

This complaint, as a whole, is verbose and vague, and the allegations of fraud, deceit, conspiracy, etc., are sprinkled indiscriminately throughout. In particular, paragraph 13 must be condemned. See Baird v. Dassau, D.C., 1 F.R.D. 275.

I would suggest that plaintiff's counsel, in pleading over, follow the Federal Rules of Civil Procedure, in particular Rules 7 to 11 inclusive, and also the Appendix of Forms annexed to the Rules. Attention is called to Forms 16 and 17.

It seems particularly important in this case for the complaint to separately state each claim, because of the fact that diversity of citizenship may not exist, thereby creating the possibility that as to some of the claims the court lacks jurisdiction.

█ Defendant also seeks to make the complaint more definite and certain under F.R.C.P. 12(e). It is not necessary for me to pass on this now inasmuch as the plaintiff will have to serve an amended complaint.

Motion granted in accordance herewith. Plaintiffs to have twenty days, after entry of the order herein, to serve their amended complaint. Settle order on notice.