## ISRAEL v. ALEXANDER.

District Court, S. D. New York.
Aug. 28, 1942.

Frank Schwartz, of New York City, for plaintiff.

Bondy & Schloss, of New York City, for defendant.

LEIBELL, District Judge.

Defendant has moved under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for an order (1) striking out the plaintiff's complaint, with leave to serve an amended complaint, or, in the alternative, (2) striking out portions of the complaint as redundant, immaterial, impertinent or scandalous.

#### Facts

The complaint contains the following allegations:

On July 25, 1941, in the State of Illinois, the plaintiff, Arthur L. Israel, entered into an agreement with the defendant, Samuel S. Alexander, a copy of which is annexed to the complaint. By its terms, the plaintiff agreed to advance $5,000 to the defendant. In consideration of this advance, the defendant agreed, among other things: (1) to assign the plaintiff a 1/16 interest in a named Louisiana oil well, drilling of which allegedly had already been commenced, (2) to assign 200 acres of divided leases to the plaintiff, five separate tracts of 40 acres each, and (3) at his own expense and risk, to drill the well to a depth of 3600 feet unless paying strata of gas or oil were sooner reached, and (4) to core and test all known

pay horizons. The defendant unconditionally warranted that if the oil well did not become a commercial producer, the defendant would either, at his option, return the full purchase price of $5,000 or assign the plaintiff an interest in a producing oil lease which would afford the plaintiff a minimum annual return of 12% on the investment, checks to come to plaintiff directly each month from a major oil company.

The defendant, prior to the execution of the agreement and the receipt of the $5,000 from the plaintiff, had represented himself to be an experienced oil well operator possessed of great wealth gained in the fields of Texas and Louisiana. He had boasted of his extensive oil well holdings in both states and claimed to be receiving a large income from them. The plaintiff was induced to believe that the defendant's brother, a client at law of the plaintiff, was investing a similar sum in the venture which the plaintiff had been invited to join. On July 25, 1941, the agreement was executed and the money advanced. The defendant dissipated a large portion of the advance and did not apply it to the drilling of the proposed well. As a result, the well was not completed within the reasonable time contemplated by the provisions of the lease under which the defendant held the well (of which the plaintiff had finally received an assignment of a 1/16 interest on September 15, 1941). Because of defendant's non-compliance with the terms of the lease it became void and worthless according to its terms. The Department of Conservation of the State of Louisiana declared the well abandoned on January 10, 1942. The owners of the drilling equipment removed all of it from the well shortly thereafter for non-payment, and the well was totally abandoned on January 16, 1942.

Plaintiff has been informed and believes that the defendant's representations of wealth and income-producing leases, his experience and his brother's investment were false and fraudulent and were made with the intention of defrauding the plaintiff who relied upon their truth. Plaintiff's complaint prays for a judgment in the sum of $5,000 as damages for fraudulent representation; or $5,000 for misapplication of the money advanced; or, as damages for breach of contract, a sum necessary to purchase income producing leases which would assure him a net annual return of 12% on $5,000. In each of these, plaintiff asks a special finding that malice was the gist of the action.

### Contentions

In support of his prayer that the complaint be stricken, the defendant has urged: (1) that the plaintiff has failed to state a valid claim for relief for fraud because he has not attempted a rescission of the July 21, 1941 agreement; and (2) that even if a valid claim for relief for fraud is stated, the complaint is defective for inconsistency in the alternative claims pleaded. As reasons why an order should be made striking portions of the complaint as redundant, immaterial, impertinent or scandalous, the defendant has urged, (3) that the plaintiff's statement of the circumstances surrounding the fraud claim is, in part, not admissible in evidence upon the trial, and (4) is entirely superfluous because those particulars fall with the entire claim for relief for fraud if that claim is not sustained.

The plaintiff urges (a) that alternative, inconsistent claims may be pleaded under the Rules of Federal Procedure, (b) that the fraud claim is well founded without the necessity of a rescission of the July 25, 1941 agreement, as this is not an action for rescission but in tort for fraud, and (c) that Rule 9(b), Federal Rules of Civil Procedure, requires that averments of fraud shall be stated with particularity of the circumstances constituting fraud, that the averments criticized are of that type and therefore that no part of his complaint should be stricken.

The plaintiff's memorandum admits that the complaint contains three claims for relief (1) for fraudulent representations, (2) misapplication of funds, and (3) breach of contract. There seems to be little question raised as to the validity of the latter two claims as stated. As to the fraud claim, it is contended by the defendant that there must be a rescission or an attempt at one before this action can be brought and that therefore the plaintiff's claim thereon must fall, together with all allegations connected with such claim.

### Conflict of Laws

In Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, at page 496, 61 S.Ct. 1020, at page 1021, 85 L.Ed. 1477, Mr. Justice Reed, speaking for the court, said:

"We are of opinion that the prohibition declared in Erie R. Co. v. Tompkins, 304 U. S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.

R. 1487, against such independent determinations by the federal courts, extends to the field of conflict of laws. The conflict of laws rules to be applied by the federal court in Delaware must conform to those prevailing in Delaware's state courts. Otherwise the accident of diversity of citizenship would constantly disturb equal administration of justice in coordinate state and federal courts sitting side by side."

█ This court, in the Southern District of New York, must follow the conflict of laws rules of the State of New York. The defendant's allegedly fraudulent representations were made in Illinois; it was there that the agreement was made and the plaintiff parted with his money. The American Law Institute's Restatement of Conflict of Laws states, at sections 377 and 379, that the internal law of the "place of the wrong" governs and that the "place of the wrong" is the State where the last event necessary to make an actor liable for the tort took place. The New York annotation thereto states (at page 249): "The choice which the New York courts have ordinarily had to make is not between the law of the 'place of wrong' and the law of the place of some other element of the alleged tortious transaction, but between the law of the forum and the law of the place of the whole transaction. Accordingly, the conclusion from the cases can usually be no more than that the section, in using the law of the place of wrong as controlling, is consistent with the New York cases, not that the cases squarely support the section."

█ Thus the internal law of Illinois governs the question of whether or not the plaintiff must attempt to rescind the contract as a condition precedent to commencing an action for damages for fraudulent inducement.

As is said in 17 C.J.S., Contracts, § 167 p. 523: "A deceived or defrauded party has an election to enforce or to disaffirm a fraudulent contract. In other words, when a party has been induced to enter into a contract by false and fraudulent representations, he has several remedies; he may affirm the contract, keeping what he has received under it, and maintain an action to recover the damages which he has sustained by reason of the fraud, or he may rescind, or he may set up such damages as a defense or by way of counterclaim if sued on the contract by the other party." (Callner v. Greenberg, Feb. 14, 1941, 376

Ill. 212, 33 N.E.2d 437, 134 A.L.R. 1485; Cockrum v. Keller, July, 1914, 190 Ill.App. 587). Plaintiff's fraud claim is well stated and satisfies the internal law of Illinois, which governs the plaintiff's substantive rights herein.

█ The internal law of New York does not differ from that of Illinois on this point. The defendant has cited Metropolis Woolen Co. v. Nemcof, App.Term, 174 N.Y.S. 649, Clark, Inc., v. Greenwich Follies, Inc., 125 Misc. 78, 210 N.Y.S. 129, and Apex Chemical Co. v. Compson, App.Term, 171 N.Y.S. 60, to support his contention that the defendant should have rescinded the contract and sued to recover what he had paid. These cases fall under section 150 of the New York Personal Property Law, Consol. Laws N.Y. c. 41 (Breach of Warranty), but their irrelevance to the immediate issue is shown by Waldman Produce, Inc., v. Frigidaire Corp., 157 Misc. 438, 284 N.Y.S. 167, which was explicit in distinguishing an action for fraudulent inducement, not governed by the Personal Property Law, from one for breach of warranty which is so governed. In the Waldman case, Cropsey, J., said (page 445 of 157 Misc., 284 N.Y.S. at page 175): "The section, however, seems capable of the construction that the damages referred to are only those which are measured by the difference in the value of the goods, and that the section is not intended to affect a claim such as the one here which arises out of misrepresentations inducing the making of the contract."

█ The Illinois and New York substantive law both sanction an action for fraudulent inducement without the necessity of a rescission or an attempt to rescind, because such an action is not based on the contract but on the fraud and the damages sought are not measured by what was to be received under the contract, but by what the plaintiff was fraudulently induced to deliver to the defendant.

Parks-Cramer Co. v. Matthews Cotton Mills, D.C., 36 F.Supp. 236, cited by the defendant, is not opposed, being based upon the internal substantive law of North Carolina, not involved herein, which seems to require a rescission in an action to recover damages for fraudulent inducement.

### The Federal Rules

█ Inasmuch as the Federal Rules of Civil Procedure permit alternative and inconsistent claims to be stated in one com-

plaint, regardless of whether based upon legal or equitable grounds, Rule 8(e), Federal Rules of Civil Procedure; Lader v. Dahlberg, D.C.S.D.N.Y., 2 F.R.D. 49, the defendant's objection that the plaintiff has joined three possibly inconsistent claims cannot be sustained. Further, under Rule 9 (b), Federal Rules of Civil Procedure, there is no merit in defendant's objections to the great particularity with which plaintiff has stated the circumstances surrounding the alleged fraud. See McCarthy et al. v. Schumacher et al., D.C.S.D.N.Y., Dec. 7, 1939, 1 F.R.D. 8. However, the defendant is entitled to have the several claims for relief stated in separate counts to facilitate "the clear presentation of the matters set forth". Rule 10(b), Federal Rules of Civil Procedure; Ingenuities Corporation et al. v. Trau et al., D.C.S.D.N.Y., 1 F.R.D. 578. See, also, Rule 8(e) (2), Federal Rules of Civil Procedure.

Defendant's motion is accordingly denied in its entirety, upon the condition that the plaintiff serve, within ten days after the entry of the order, an amended complaint which shall state in separate counts each of his claims for relief.

Settle order upon notice.