**ISENMAN v. BANDLER.**
Civ. No. 14007.

United States District Court,
E. D. New York.

April 26, 1954.

Raymond Reisler, New York City, for defendant for the motion.

Zelby & Burstein, Bernard Axler, New York City, for plaintiff in opposition.

RAYFIEL, District Judge.

The defendant moves under Rules 10(b), 12(b) (6), 12(e) and 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. (1) to strike from the amended complaint paragraphs designated therein as III (with the exception referred to in the notice of motion), V(a), V(b) and VI, because the allegations thereof are redundant, immaterial and impertinent, and, as to paragraphs V(a), V(b) and VI, for the further reason that they are too vague, indefinite and uncertain for any responsive answer thereto, (2) to compel plaintiff to separately state and number each claim founded upon an alleged separate occurrence, (3) to dismiss any claim for relief in said complaint founded on slander, because it fails to state a claim upon which relief can be granted, and (4) to dismiss the amended complaint because it fails to

state a claim upon which relief can be granted. Notice of the foregoing motion was an amendment of the original notice of motion, which sought less extensive relief. It was served after the argument of the motion, but on or prior to the final date fixed for the submission of all papers. The Court will consider the notice of motion as amended, as if it were timely made, although the plaintiff did not have an opportunity to address himself to all the items of relief therein sought by the defendant.

The defendant contends, inter alia, that paragraph III(a) of the complaint is defective and should be stricken, since it purports to paraphrase the alleged libelous document, attached to and made a part of the complaint, and therein referred to as exhibit A.

He also attacks paragraph V(b) of the complaint, which alleges an oral circulation of the matter contained in the allegedly libelous document, on the ground that it purports to plead a claim for slander and therefore should be separately stated and numbered.

■ I have read the amended complaint, giving particular attention to those paragraphs thereof to which this motion is addressed. Paragraph III(a), containing as it does the full text of the allegedly libelous document, complies in all respects with the requirement in suits of this kind that the defamatory statements be set forth *in haec verba*. The paraphrasing of the document is merely a general statement of the nature and contents thereof and cannot be prejudicial to the defendant.

■ As to paragraphs V(a) and V(b), attention is directed to the opinion of Judge Swan, of the Court of Appeals of this Circuit, in the case of Original Ballet Russe v. Ballet Theatre Inc., 2 Cir., 133 F.2d 187, wherein he established the test to be made, when he said, at page 189, "For the traditional and hydra-headed phrase 'cause of action' the Federal Rules of Civil Procedure have

substituted the word 'claim.' It is used to denote the aggregate of operative facts which give rise to a right enforceable in the courts. See 1 Moore, Federal Practice, pp. 3, 145–150, 605; Clark Code Pleading, §§ 19, 70. Under Rule 10(b) a separation of claims into separate counts is mandatory only when necessary to facilitate clear presentation. See Moore, supra, p. 607. Strictly, therefore, the issues presented are (1) whether the complaint and amended complaint allege but a single claim or cause of action and (2), if more than one claim is alleged, whether a separation of the claims is required to facilitate clear presentation of the matters set forth." Paragraph V(a) of the amended complaint alleges a republication of the libel. Paragraph V(b) may have been intended to serve as a statement of a claim in slander; if so, it is defective in that it should have been pleaded as a separate claim, and hence should be stricken; if not, it should be stricken as impertinent and immaterial.

■ Paragraph V(b) is therefore stricken, with leave to the plaintiff to serve a second amended complaint if he wishes to plead a claim for slander against the defendant, in which event the second amended complaint shall be served on the defendant's attorney within ten days after the service of the order to be entered hereon, with notice of the entry thereof. If the plaintiff does not wish to serve a second amended complaint he will so advise the attorney for the defendant on the day of the entry of the order hereon, in which event the defendant shall serve his answer on the plaintiff's attorney within ten days after the service on his attorney of a copy of such order with notice of the entry thereof.

I find that the allegations contained in paragraph VI are not redundant, immaterial or impertinent, as claimed by the defendant, but, on the contrary, are proper and necessary elements of the claim asserted by the plaintiff.

The amended motion is therefore granted in part and denied in part, as hereinabove indicated.

Simultaneously with the instant amended motion the defendant made a motion to stay the taking of the defendant's deposition. I indicated on the argument of the motion that I would grant the stay to a date not less than ten days after the service of the answer herein, and upon at least ten days notice to the defendant or his attorney of the taking thereof.

Accordingly the motion to stay the taking of defendant's deposition is granted on those conditions.

Settle orders on notice.