George I. ISENMAN, Plaintiff,

v.

Louis C. BANDLER, Defendant.

Civ. A. No. 14007.

United States District Court,
E. D. New York.

Oct. 5, 6, 1954.

---

* Now Fed.Rules Crim.Proc. rule 46(f) (1, 2), 18 U.S.C.A.

278

Zelby & Burstein, New York City, for plaintiff, by Bernard Axler, New York City.

Raymond Reisler, New York City, for defendant.

RAYFIEL, District Judge.

The motion papers herein are so replete with expressions of personal bitterness and vilification, so plethoric of criminations, recriminations, charges and counter-charges, so saturated with tautological statements, that the Court has been obliged to pick its way through a labyrinthine welter of words to locate the comparatively simple issues referred to therein. Several hours of unnecessarily vehement oral argument have served but to further obfuscate the same.

From a careful reading and consideration of the pleadings, affidavits, memoranda and letters the situation respecting the motions appears to be as follows:—

The plaintiff commenced this action to recover damages from the defendant for having published false and defamatory statements concerning him, thereby injuring him in his good name and reputation, and causing him to suffer great pain and mental anguish.

The defendant moved to dismiss the original complaint on the ground that it did not state a claim upon which relief could be granted. That motion was argued before Judge Abruzzo, who granted the same, with leave to the plaintiff to file and serve an amended complaint.

After it had been served the defendant moved to strike certain paragraphs therefrom, to separately state and number each claim, to dismiss the claim founded on slander because it did not state a claim on which relief could be granted, *and to dismiss the said amended complaint on the ground that it failed to state a claim on which relief could be granted.* That motion was argued before me, and was granted to the extent that the claim in slander was stricken, with leave to the plaintiff to serve a second amended complaint stating a separate claim in slander, if he chose so to do. He elected to abandon the slander claim. In all other respects the defendant's motion was denied. The order, dated May 3, 1954, entered on my decision, D.C., 15 F.R.D. 400, provided, inter alia, that the defendant answer the amended complaint within twenty days after the service upon his attorney of the said order, with notice of the entry thereof. Such order and notice of entry were served upon the attorney for the defendant by mail on the 5th day of May, 1954, but the answer has not yet been served.

On May 28, 1954, the defendant moved to dismiss the plaintiff's action on the ground that the complaint, in its then amended form, failed to state a claim against the defendant upon which relief could be granted.

On June 2, 1954, the plaintiff moved for summary judgment, and for the assessment of the damages sustained by him, as alleged in the complaint, and for other relief specifically referred to in the notice of motion.

On July 9, 1954, the plaintiff served a notice to take deposition of one Ned W. Bandler as a witness, and on August 3, 1954, the defendant moved to vacate the said notice.

Those three motions are now before this Court.

In this motion to dismiss the amended complaint he asks for relief identical with one of the items of relief which he sought in the motion previously decided by me. He argues, as he did then, that it does not state a claim upon which relief can be granted.

■ The plaintiff contends that the issue of the sufficiency of the amended complaint was determined in my decision on the original motion, and constitutes the law of the case. It is the defendant's contention that that issue was "not raised nor in any way litigated or intended to be, on the prior motion." Whether that issue was raised or litigated, or not, it was included in the defendant's notice of motion and was considered by the Court, which, in denying it, sustained the complaint, except as hereinabove stated.

■ As to plaintiff's motion for summary judgment, it is the defendant's contention that the affidavit which is the basis of the complaint herein was filed in a judicial proceeding, was relevant to the issues therein, and, hence, was absolutely privileged. That contention necessarily involves factual questions, several of which are referred to in the motion papers, as does the defense of truth, which the defendant has indicated he intends to assert in his answer. It is well established that where there are triable issues of fact summary judgment will not be granted.

■ There remains the motion to vacate the plaintiff's notice to take the testimony of Ned W. Bandler as a witness.

The defendant having failed to offer any grounds to support his application, the same is denied. However, since it appears that the plaintiff's rights in this action will not be prejudiced by the deferment of such deposition, it will be taken as hereinafter provided.

Accordingly, the plaintiff's motion for summary judgment and other relief sought thereunder and the defendant's motion to dismiss the second amended complaint are in all respects denied. The defendant is directed to answer the said second amended complaint, with the modification effected by my previous decision herein, within twenty days after the service upon his attorney of the order to be entered hereon, together with notice of the entry thereof.

The deposition of Ned W. Bandler as a witness will be taken on a date and at an hour to be agreed upon by the attorneys herein, which date shall be not less than ten nor more than twenty days after the date fixed herein for the service of the answer. If the attorneys should be unable to agree on a date for the taking of the deposition the Court will fix the same in the order to be entered hereon.

Settle order on notice.

After the foregoing decision was made, but before its filing, the Court received additional affidavits, occupying twenty-five pages, all in support of the defendant's contention that the affidavit of Louis C. Bandler was privileged, and was relevant to and used in the Boston case. As hereinabove stated, that defense involves questions of fact which cannot be determined on affidavits alone.

All told one hundred and sixty typewritten pages of affidavits and memoranda have been used in these comparatively simple motions. The sheer weight of such written matter imposes unnecessary hardship on the Court.