**John DE LEYS et al., Plaintiffs,**

v.

**KETA GAS AND OIL COMPANY et al., Defendants.**

**Civ. A. No. 13554.**

United States District Court
W. D. Pennsylvania.

Nov. 29, 1955.

Rose, Rose & Houston, Pittsburgh, Pa., for plaintiff.

Blaxter, O'Neill & Houston, Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

In this case the plaintiffs have filed a complaint wherein they charge the defendants with tortious conduct and claim damages for the same.

The defendants have filed a motion for a more definite statement pursuant to Rule 12(e) of the Rules of Federal Civil

Procedure and Rule 10(b), 28 U.S.C.A., requiring the plaintiffs to serve an amended complaint stating in separate counts each of their claims if more than one is asserted. Should the court refuse to grant these motions then they ask that the complaint be dismissed for failure to state a claim.

Counsel for the respective parties have filed briefs on the subject and a lengthy argument on the issues involved was held. At the argument, counsel for defendants did not press their motion to dismiss but reserved same pending the court's decision on its motions to compel plaintiff to file an amended complaint.

The plaintiffs are claiming that they were the owners of a producing gas well and sold the gas therefrom to a utility company. They alleged in effect that the defendants maliciously instituted an action of ejectment against them, that they defamed their title to certain property of the plaintiffs, that they interfered with contract rights of the plaintiffs and claim damages for the alleged wrongs. The plaintiffs in their complaint, in effect, say that the defendants have harmed them and they want relief. The defendants by their motions say, "Set forth in various counts what torts you claim we have committed."

The issue as we see it is reduced to whether the complaint alleges a single claim or cause of action or whether more than one claim or cause of action is alleged in the complaint, and if so whether a separation of the claims is required to facilitate a clear presentation of the claims set forth. At the time of the argument, counsel for the plaintiffs said that the defendants did various things and that all these acts injured the plaintiffs. However, he indicated that at least four different torts were committed by the plaintiffs. Transcript of Proceedings on Argument Held Nov. 1, 1955, pp. 33, 34. He did not say that they only have one cause of action but rather he claims that in the complaint, which consists of 21 paragraphs, they have set forth all of the acts which the defendants did to cause them harm.

■ A review of the authorities and the decisions of the other courts on this problem indicate that where there is a claim for a single wrong then one count will be sufficient even though there be elements of other torts contained therein. But if more than one claim is alleged in the complaint, a separation of the claims is required where it will facilitate a clear presentation of the matters set forth. O'Donnell v. Elgin, J. & E. Ry. Co., 338 U.S. 384, 70 S.Ct. 200, 94 L.Ed. 187; Original Ballet Russe v. Ballet Theatre, 2 Cir., 1943, 133 F.2d 187; Israel v. Alexander, D.C.S.D.N.Y.1942, 50 F.Supp. 1007; Grauman v. City Company of N. Y., D.C.S.D.N.Y.1939, 31 F. Supp. 172; Isenman v. Bandler, D.C.E. D.N.Y.1954, 15 F.R.D. 400; Koss v. Plymouth Rubber Co., D.C.Mass.1949, 9 F.R.D. 58; Broomfield v. Doolittle, D.C. S.D.N.Y.1942, 2 F.R.D. 517. We think that the circumstances involved in this case fall into the latter category.

The plaintiffs are unwilling to indicate the precise legal theory on which they rely. There are, however, averments that might give rise to an action of malicious use of process, defamation of title, interference of various business relations, wrongful initiation of civil proceedings, and inducement to break a contract. Each of these if recognized in Pennsylvania might be actionable torts. Each might give rise to a cause of action.

■ We think that each cause of action which the plaintiffs desire to assert should be stated in a separate count in accordance with Rule 10(b) of the Federal Rules of Civil Procedure, 28 U.S.C. A., in order to facilitate a clear presentation of the matters set forth. Each count should be as clearly and simply stated as possible having due regard to our thoughts that there should be a separation in view of the various causes of action asserted.

The defendants also indicated that they wanted the complaint to be amended so that a copy of the legal instrument whereby the plaintiffs receive their ownership in this gas well would be attached to the complaint. In view of the fact that the counsel for the plaintiffs indicated that they would do this voluntarily, Transcript supra, p. 56, we do not pass on the legal necessity of attaching same to the complaint but suggest that same be attached to the amended complaint to be filed in view of counsel's willingness to do the same.

An appropriate order will be entered directing that the complaint be amended so as to state in separate counts each claim asserted.